No. 3--02--0384

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

DENNIS LA HOOD, d/b/a ATL ) Appeal from the Circuit Court

Enterprises, ) for the 10th Judicial Circuit,

Plaintiff-Appellant, ) Tazewell County, Illinois

)

) No. 02 L 21

)

CENTRAL ILLINOIS CONSTRUCTION,) Honorable

INC., an Illinois Corporation,) Richard D. McCoy

Defendant-Appellee ) Judge Presiding

)

(Central Illinois Construction) 

Inc., an Illinois Corporation,) 

 Plaintiff, ) 

) 

Magna Bank, n/k/a Union ) 

Planters Bank, Trustee u/t/a ) 

#90-P086 dated April 15, 1998;)

Enterprises and Potter House )

Gifts, Ltd.; Jackie Hammon, )

d/b/a Cost Cutters; )

Potterhouse Gifts, Ltd.; Dave )

Kimmie, d/b/a Ben Franklin; )

Dollar Tree; DLM Trucking, )

Inc.; and Meister Plumbing, )

Inc., an Illinois Corporation,) 

Defendants). )

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

The issue on appeal is whether a party to a construction contract waives its contractual right to compel arbitration when it files a mechanics lien then requests arbitration, but subsequently files an action
 pursuant to section 34 of the Mechanics Lien Act (Act) (770 ILCS 60/34 (2000)) and immediately filed a stay thereof.  We hold that under these circumstances it does not waive its right to arbitrate the dispute. 

In this case, Central Illinois Construction, Inc.
, was the contractor and Dennis La Hood, d/b/a ATL Enterprises, Ltd., was the property owner who hired Central Illinois to construct a shopping center.  When a dispute arose regarding the project, the contractor filed a mechanics lien against the owner's property.  It then filed under the Illinois Uniform Arbitration Act (710 ILCS 5/1 
et
 
seq.
 (West 2000))
 to arbitrate the dispute as provided for by its contract with the owner.  
Pursuant to section 34 of the Act (770 ILCS 60/34 (West 2000))
, the owner filed a written demand that suit be commenced to enforce the lien.  Section 34 provides owners with this right and, if demanded, the person claiming the lien must commence the suit within 30 days of the written demand or the lien is forfeited.  See 770 ILCS 60/34 (West 2000).  In compliance with the statute, the contractor filed 
suit on its lien but immediately filed a motion to stay court proceedings and compel arbitration pursuant to the contract.

The owner now complains that the contractor waived and abandoned its contractual right to arbitrate when it later filed the mechanics lien action
 pursuant to section 34 of the Act.   It asserts that the contractor acted inconsistently with the arbitration clause in the parties' agreement
 by attempting to adjudicate the same issues in two different forums and that the trial court's decision allowing arbitration unfairly requires it to incur the expense of defending two actions which will severely encumber the property.  In support of its position, the owner relies on the following cases in which the court found that arbitration was waived: 
Schroeder Murchie Laya Associates, Ltd. v. 1000 West Lofts, LLC.
, 319 Ill. App. 3d 1089, 746 N.E.2d 294 (2001); 
State Farm Mutual Automobile Insurance Co. v. George Hyman Construction Co.
, 306 Ill. App. 3d 874, 715 N.E.2d 749 (1999); and 
Yates v. Doctor's Associates, Inc.
, 193 Ill. App. 3d 431, 549 N.E.2d 1010 (1990).  In response, the contractor argues that it did not act inconsistently with the arbitration clause because it requested arbitration before it was forced by the owner to prosecute the mechanics lien claim and because it sought an immediate stay of the claim pending arbitration.  As the facts of this case are undisputed and only the trial court's legal conclusion is at issue, we will consider this matter 
de
 
novo
. 
Hawrelak v. Marine Bank, Springfield
, 316 Ill. App. 3d 175, 735 N.E.2d 1066 (2000).  But see 
Schroeder
, 319 Ill. App. 3d at 1092,  746 N.E.2d at 296 (discussing the standard of review of a trial court's determination of whether a party's actions constitute a waiver of arbitration).

A contractual right to compel arbitration can be waived like any other contractual right. 
Kostakos v. KSN Joint Venture No. 1
, 142 Ill. App. 3d 533, 491 N.E.2d 1322 (1986).  Waiver occurs when a party acts in a manner that is inconsistent with the arbitration clause in an agreement and indicates an abandonment of that right. 
Atkins v. Rustic Woods Partners
, 171 Ill. App. 3d 373, 525 N.E.2d 551 (1988).  Waiver also occurs when a party submits arbitrable issues to a court for decision. 
Bishop v. We Care Hair Development Corp.
, 316 Ill. App. 3d 1182, 738 N.E.2d 610 (2000).  Although the right to compel arbitration can be waived, 
Illinois courts favor using arbitration as a method of settling disputes and disfavor a finding that a party has waived its right to arbitrate. 
Kostakos
, 142 Ill. App. 3d at 536, 491 N.E. 2d at 1325.  Thus, a public policy concern that favors arbitration will outweigh a concern regarding judicial economy, duplication of effort, or inconsistent results. 
Board of Managers of the Courtyards at the Woodlands Condominium Ass'n v. IKO Chicago, Inc.
, 183 Ill. 2d 66, 697 N.E.2d 727 (1998).
 

We hold that the trial court did not err when it determined that the contractor in this case continued to have a right to compel arbitration.  The fact that the contractor first sought arbitration and then filed the mechanics lien action is not
 inconsistent with the arbitration clause in the agreement and does not indicate an intent to abandon that right
.  Rather, the filing of the mechanics lien sensibly protected the contractor's interest in the property and was acted upon only because the owner pursued an action under section 34 of the Act.
  By immediately seeking a stay of the mechanics lien action pending arbitration, the contractor preserved its right to compel arbitration.

In reaching our conclusion, we note that the cases relied upon by the owner are distinguishable from the instant case as they present very different fact patterns.  In 
Schroeder
, 319 Ill. App. 3d at 1098, 746 N.E.2d at 302, an architectural contractor waived its contractual right to arbitrate when it opposed a condominium association's prior motion to compel arbitration, failed to file for arbitration when given the opportunity to do so by the court,  and engaged in discovery.  
In 
State Farm
, 306 Ill. App. 3d at 885, 715 N.E.2d at 758, a contractor waived arbitrable claims against subcontractors by filing a summary judgment motion against them while arbitration was stayed.
  In 
Yates
, 193 Ill. App. 3d at 440, 549 N.E.2d at 1016, a franchisor waived its right to compel arbitration under a franchise agreement when its agent initiated forcible entry and detainer actions against franchisees as part of the same dispute.

In each of these cases, 
the claimant acted inconsistently with an intent to pursue arbitration and thereby abandoned its right.  Here, the contractor first sought arbitration and then filed the mechanics lien action entirely in response to the owner's statutory 30-day demand, and the contractor avoided submitting any substantive issue to the court by requesting an immediate stay.  Thus, the mechanics lien action complemented the request for arbitration, and there was no inconsistency or abandonment.

Our decision is bolstered by the language of the contract which provided that the parties agreed that all disputes would be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association (AAA).  See AAA, Construction Industry Arbitration Rules (July 1, 2001).  
Rule 51(a) of those rules states: "No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate." AAA, Construction Industry Arbitration Rules, R. 51(a) (July 1, 2001).  Illinois courts have consistently applied this clause literally and rejected arguments of waiver
.  See 
State Farm
, 306 Ill. App. 3d at 884, 715 N.E.2d at 757.  The inclusion of the specific reference to the AAA Construction Industry Arbitration Rules, which includes Rule 51(a), indicates that the parties intended to favor arbitration and, as such, we will not waive that right lightly.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

LYTTON, P.J., and SLATER, J., concur.