LIBERTY CHEVROLET, INC., Plaintiff and Counterdefendant-Appellee, v. CONNIE RAINEY, Defendant and Counterplaintiff-Appellant.

Second District   No. 2—02—0396

Opinion filed June 11, 2003.

Brooks, Adams & Tarulis, of Naperville, and Dmitry N. Feofanov, of Dixon, for appellant.

Stuart D. Gordon and Anthony A. Cavallo, both of Zukowski, Rogers, Flood & McArdle, of Chicago, for appellee.

JUSTICE CALLUM delivered the opinion of the court:
Plaintiff and counterdefendant, Liberty Chevrolet, Incorporated,

sued in replevin (735 ILCS 5/19—101 *et seq.* (West 2000)) to recover an automobile that it had sold to defendant and counterplaintiff, Connie Rainey. Defendant filed a seven-count counterclaim alleging that plaintiff violated several federal and state consumer protection laws and seeking various types of relief. Relying on the arbitration clause in the parties' sales contract, plaintiff moved to compel arbitration of the counterclaim. The trial court granted the motion and allowed the voluntary dismissal (see 735 ILCS 5/2—1009 (West 2000)).

Defendant appeals (see 188 Ill. 2d R. 307(a)(1)), arguing that plaintiff waived its contractual right to arbitration by choosing to sue in circuit court instead of demanding the arbitration of its replevin claim. We disagree and affirm.

The pertinent facts are not in dispute. On November 14, 2001, plaintiff filed its complaint in replevin, alleging that defendant wrongfully retained a 1998 Chevrolet Malibu valued at $9,750. Plaintiff demanded possession of the car, the value of property not delivered, damages for the detention, and attorney fees and costs.

On January 25, 2002, defendant filed an answer and a seven-count counterclaim seeking damages (compensatory and punitive) and declaratory and injunctive relief. The counterclaim is based on the circumstances under which plaintiff induced defendant to sign the purchase contract and the accompanying financing contract. Defendant signed these documents on July 11, 2001.

Counts I and II of the counterclaim, based on the Truth in Lending Act (15 U.S.C.A. § 1601 *et seq.* (West 1998)), allege alternatively that (1) there was no sale because plaintiff retained the title to the car; and (2) there was a sale and plaintiff failed to disclose certain financial information in writing before the purchase was consummated, thus depriving defendant of the chance to seek and obtain better financing. Counts III and IV are based on section 32705(a)(1) of the Motor Vehicle Information and Cost Savings Act (49 U.S.C.A. § 32705(a)(1) (West 1997)) and section 3—112.1(c) of the Illinois Vehicle Code (625 ILCS 5/3—112.1(c) (West 2000)), respectively. These counts allege that, intending to defraud defendant, plaintiff did not tender her the original title for her to sign but instead induced her to sign a power of attorney, which plaintiff used to obtain a new certificate of title. In that way, plaintiff avoided disclosing the information that was on the original title, including the car's mileage.

Count V of the counterclaim, based on section 1681m of the Fair Credit Reporting Act (15 U.S.C.A. § 1681m (West 2000)), alleges that, after originally approving defendant for financing, plaintiff denied her credit without disclosing the credit reporting agency on whose information plaintiff relied. Count VI, based on the Consumer Fraud and

Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2000)), alleges that plaintiff misled defendant so that she would not demand her down payment back and deceived defendant by keeping her from seeing the mileage figures on the original certificate of title, denying her credit after telling her that she had been approved, and denying her access to the credit report on which plaintiff relied to refuse financing. Count VII alleges that plaintiff's sales documents did not comply with the Credit Services Organizations Act (815 ILCS 605/1 *et seq.* (West 2000)).

The counterclaim alleges that, although the parties had signed an arbitration agreement (Agreement), plaintiff waived its right to demand arbitration of the counterclaim. The Agreement states in pertinent part:

"1. All disputes and controversies of every kind *** arising out of or in connection with the installment loan contract between the parties executed on this same date, or arising out of or in connection with this Agreement, will be at the option of either party submitted to arbitration pursuant to the following procedure:

a. Either party may demand arbitration at any time after any controversy arises, but not more than 30 days following being served with a complaint in any litigation."

On January 31, 2002, plaintiff moved to compel defendant to submit the counterclaim to arbitration. Plaintiff amended its motion a week later. On February 15, 2002, plaintiff moved to stay all discovery in the case until March 19, 2002, the date set for the hearing on the motion to compel arbitration.

Defendant objected to the motions. She again asserted that, by filing the replevin complaint rather than demanding the arbitration of that claim, plaintiff waived its right to insist on the arbitration of any issues in the case, including those the counterclaim raised. Defendant also argued that plaintiff had to respond to the discovery requests she had made.

On March 4, 2002, the trial court allowed plaintiff 28 days from March 19, 2002, to respond to defendant's outstanding discovery requests. Plaintiff then replied to defendant's objection to the motion to compel arbitration. Plaintiff noted that it had followed the Agreement by making its demand within 30 days of being served with the counterclaim. Plaintiff emphasized that the replevin claim has one count and invokes a summary procedure, while the counterclaim has seven counts that raise complex issues that are quite separate from the replevin suit. Plaintiff added that, even had it originally waived its right to demand arbitration, the lengthy counterclaim was a substantial change of circumstances that entitled plaintiff to rescind its waiver of arbitration.

Plaintiff moved to dismiss the replevin action voluntarily because defendant had recently returned the car. The parties agreed that the voluntary dismissal would not prejudice defendant's right to argue that, by filing the claim, plaintiff waived its right to the arbitration of the counterclaim. The trial court dismissed the replevin claim and granted plaintiff's motion to compel the arbitration of the counterclaim. The judge explained that the Agreement allows either party to demand arbitration at any time after a controversy arises as long as the party makes its demand within 30 days of being served with a complaint. As the counterclaim is a complaint and plaintiff filed its arbitration demand fewer than 30 days after being served with the complaint, it had not waived its right to demand arbitration.

On appeal, defendant again contends that plaintiff waived its arbitration rights by filing the replevin action in the circuit court. Defendant reasons that, by submitting an arbitrable claim to the circuit court in the first instance, plaintiff manifested its intention to forgo its contractual right to have any other claims submitted to arbitration.

We hold that plaintiff did not waive its right to demand that the counterclaim be submitted to arbitration. Plaintiff's conduct was consistent with the assertion of its contractual rights and caused defendant no prejudice. Therefore, we affirm.

■ Defendant argues in part that plaintiff's arbitration demand was untimely under the specific language of the Agreement. She observes that the Agreement required plaintiff to act within 30 days of "being served with a complaint." Defendant concedes that plaintiff did act within 30 days after being served with the counterclaim, but she now argues that the counterclaim is not a "complaint" but part of her answer.

Defendant did not raise this argument at the trial level, where she insisted only that plaintiff's conduct amounted to an abandonment of its arbitration rights and not that plaintiff's demand itself was untimely under the Agreement. Issues not raised in the trial court are waived and may not be raised for the first time on appeal. *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 536 (1996). Therefore, defendant's argument is waived.

Even disregarding waiver, we would reject defendant's construction of the Agreement. Section 2—608(b) of the Code of Civil Procedure, on which defendant relies, does state that a counterclaim "shall be part of the answer." 735 ILCS 5/2—608(b) (West 2000). However, this language controls only the formal presentation of a counterclaim and does not address whether a counterclaim is in substance a "complaint."

Section 2—608(c) of the Code of Civil Procedure states that a counterclaim shall be pleaded with the same particularity as a complaint and shall be "complete in itself." 735 ILCS 5/2—608(c) (West 2000). This language implies that a properly pleaded counterclaim is in substance a "counter-complaint." Courts have recognized that, like a complaint, a counterclaim is a separate, independent cause of action. See *Wilson v. Tromly*, 404 Ill. 307, 309-10 (1949); *Health Cost Controls v. Sevilla*, 307 Ill. App. 3d 582, 589 (1999). Therefore, we agree with the trial court that, under the Agreement, a counterclaim is a "complaint." This construction of the Agreement places substance over form and follows the rule that, because public policy favors arbitration, arbitration clauses should be construed liberally. *Zimmerman v. Illinois Farmers Insurance Co.*, 317 Ill. App. 3d 360, 366 (2000).

We turn to the argument that defendant did make at the trial level: whether, by filing the replevin complaint, plaintiff waived its right to demand the arbitration of the counterclaim. Although we agree with the trial court that the Agreement gave plaintiff the right to have the counterclaim arbitrated, that does not end our inquiry. Following the Agreement's commands was a necessary condition for plaintiff to be entitled to arbitration, but it was not a sufficient condition. Even when a party follows the letter of an arbitration agreement in invoking its right to arbitration, a court may conclude that the party has done something to waive that right. See, *e.g.*, *Lundy v. Farmers Group, Inc.*, 322 Ill. App. 3d 214, 219-20 (2001). The issue here is thus whether, having had the right to demand arbitration, plaintiff waived that right. We hold that it did not.

■ Because public policy encourages arbitration, our courts are reluctant to hold that a party has waived its arbitration rights. *Lundy*, 322 Ill. App. 3d at 219; *Atkins v. Rustic Woods Partners*, 171 Ill. App. 3d 373, 378 (1988). However, a court will find waiver where the party has acted so inconsistently with the assertion of its right as to demonstrate the abandonment of that right. *Lundy*, 322 Ill. App. 3d at 219; *Cencula v. Keller*, 152 Ill. App. 3d 754, 756-57 (1987). We must consider not only a party's conduct but also whether its delay in asserting its right to arbitration has prejudiced the opposing party. *Bishop v. We Care Hair Development Corp.*, 316 Ill. App. 3d 1182, 1191 (2000); *Kostakos v. KSN Joint Venture No. 1*, 142 Ill. App. 3d 533, 537 (1986).

■ In this case, defendant does not claim that she suffered any prejudice from plaintiff's failure to assert its arbitration rights more promptly. The record would not support such a claim. Plaintiff moved for arbitration of the counterclaim only six days after defendant filed

her counterclaim and fewer than three months after plaintiff filed its replevin complaint. There had been minimal discovery, and plaintiff was still required to answer those discovery requests to admit that defendant had already filed. Under the Agreement, plaintiff could not substantially delay its request for arbitration, and it did not do so.

Although defendant cannot establish any prejudice from plaintiff's delay in demanding arbitration, she maintains that plaintiff's filing of the replevin complaint was so inconsistent with its invocation of the Agreement that it manifested the abandonment of the right to arbitration. We disagree. There is simply no bright-line rule that, merely by filing a complaint, a plaintiff waives the right to demand the arbitration of the issues raised by the complaint. *A fortiori*, there is no rule that filing a complaint waives the plaintiff's right to demand the arbitration of new issues that the defendant has raised in a counterclaim.

We believe that plaintiff's decision to pursue a summary procedure for a limited purpose—the replevin of the vehicle—was not inconsistent with its decision to demand the arbitration of a seven-count counterclaim that sought monetary, injunctive, and declaratory relief on a variety of grounds that were not raised in the replevin complaint. We cannot conclude that the intention to seek judicial action in a summary proceeding in order to obtain limited relief is inconsistent with the intention to seek arbitration of a variety of complex claims that plaintiff could not reasonably foresee when it filed its replevin complaint.

We also hold that, even if plaintiff waived its arbitration rights by filing suit, it properly rescinded the waiver. Although an election to sue presumptively waives the right to arbitration, unexpected developments thereafter "may make the case abnormal, and then the [trial] court should find no waiver or should permit a previous waiver to be rescinded." *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995). This case presents the type of "abnormality" of which *Cabinetree* speaks. Even if plaintiff initially waived its right to arbitration, the counterclaim drastically altered the nature of the litigation, and plaintiff moved promptly to resuscitate its rights under the Agreement. See *Cabinetree*, 50 F.3d at 391 (discussing criteria for when presumptive waiver may be rescinded).

In *Design Benefit Plans, Inc. v. Enright*, 940 F. Supp. 200 (N.D. Ill. 1996), the plaintiff alleged that the defendants, Enright and JEI, breached the restrictive covenants in a sales agency agreement. JEI counterclaimed for unpaid commissions. The federal district court granted the plaintiff's motion to submit the counterclaim to mediation and arbitration. The court explained that plaintiff never waived its

right to arbitration, as the counterclaim raised new issues that were distinct from those in the complaint and the plaintiff moved promptly to submit the counterclaim to arbitration. *Enright*, 940 F. Supp. at 203. Moreover, even had the plaintiff presumptively waived its right to arbitration, the counterclaim so altered the litigation that, absent prejudice to the defendants, the plaintiff could rescind its waiver. *Enright*, 940 F. Supp. at 203. Although we are not bound by *Enright*, we believe it is soundly reasoned and strongly supports affirming the trial court here.

Defendant cites several foreign cases for the proposition that filing a complaint necessarily waives the right to demand the arbitration of a counterclaim. See *S&R Co. of Kingston v. Latona Trucking, Inc.*, 159 F.3d 80 (2d Cir. 1998); *Chattin v. Cape May Greene, Inc.*, 216 N.J. Super. 618, 524 A.2d 841 (1987); *Marble Slab Creamery, Inc. v. Wesic, Inc.*, 823 S.W.2d 436 (Tex. Ct. App. 1992). Defendant reads these cases too broadly. In each case, the plaintiff participated in the litigation process, including extensive discovery, before demanding arbitration. In each case, the delay the plaintiff incurred caused considerable prejudice to the defendant(s). In both *Chattin* and *Marble Slab*, the courts characterized the demands for arbitration as last-minute tactics that the plaintiffs adopted after they became uneasy about their prospects in the litigation that they had theretofore pursued so eagerly. See *Chattin*, 216 N.J. Super. at 632, 524 A.2d at 848; *Marble Slab*, 823 S.W.2d at 438. Here, by contrast, plaintiff never sought to litigate the issues that the counterclaim raised, moved promptly for the arbitration of the counterclaim, and caused defendant no demonstrable prejudice.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

KAPALA and GILLERAN JOHNSON, JJ., concur.