No. 2--04--0035

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

HOUSEHOLD FINANCE CORPORATION ) Appeal from the Circuit Court

III, ) of Du Page County.

)

Plaintiff and Counterdefendant- )

Appellee, )

)

v. )

)

GEORGE D. BUBER and JUDITH A. ) No. 02--CH--101

BUBER, )

)

Defendants and Counterplaintiffs- )

Appellants )

)

(Household Finance, Millennium Financial, ) Honorable

MBNA America, and Integrated Real Estate ) Bonnie M. Wheaton,

Processing, Counterdefendants). ) Judge, Presiding.

______________________________________________________________________________

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Defendants and counterplaintiffs, George and Judy Buber (defendants), appeal the order of the circuit court of Du Page County, granting the motion of plaintiff and counterdefendant, Household Finance Corporation III (plaintiff), to stay court proceedings pending arbitration.  Defendants argue that plaintiff waived its rights to arbitration by failing to timely assert its right to arbitration and, instead, participating in litigation in the circuit court.  We affirm.

The following undisputed facts are taken from the record on appeal.  On December 7, 2000, defendants executed a mortgage in favor of counterdefendant MBNA America on their residence in the amount of about $208,750.  On December 18, 2000, defendants executed a loan repayment and security agreement in favor of MBNA in the amount of about $10,310.  Plaintiff is the assignee of the two loans.  Both loans included a two-page arbitration rider.  The arbitration rider provided that either party could elect to submit to binding arbitration any dispute arising from the loans.

Subsequently, defendants filed for bankruptcy.  On November 20, 2001, defendants were discharged from bankruptcy.  On January 17, 2002, plaintiff filed suit to foreclose the mortgages on defendants' residence.  Plaintiff alleged that, with respect to the December 7 loan, defendants failed to make any payments beginning with the payment due on August 7, 2001.  On March 29, 2002, defendants' counsel filed an appearance.  Plaintiff filed a motion seeking to default defendants for failing to timely answer the foreclosure complaint.  The matter was continued and plaintiff filed three more motions seeking to default defendants.  On July 11, 2002, the trial court gave defendants until July 25, 2002, to answer or otherwise plead to the foreclosure complaint.

On August 2, 2002, defendants filed an answer and counterclaim to the foreclosure complaint.  The counterclaim alleged that, in September 1999, defendants employed counterdefendant Millennium Financial as a mortgage broker to seek favorable terms to refinance their existing mortgage on their residence.  Defendants alleged that plaintiff agreed to provide the refinancing loan even though plaintiff knew that defendants were not receiving income due to illnesses experienced by the breadwinners in the family.  Defendants alleged that, after they fell behind in payments on the September 1999 loan, another mortgage broker, plaintiff, and MBNA induced them to refinance again, even though counterdefendants all knew that the monthly payment was in excess of defendants' monthly income.  The counterclaim contained five counts and sought rescission of the mortgages, a declaration that the mortgages were void, actual and punitive damages, and attorney fees and costs.  Also on August 2, 2002, defendants filed a motion to dismiss, arguing that the mortgages were not in default.  On September 19, 2002, the trial court struck the motion to dismiss, but on November 7, 2002, defendants' motion to dismiss was reinstated.

On November 1, 2002, plaintiff filed a motion for summary judgment, arguing that defendants did not have standing to pursue the counterclaim because they did not list the counterclaim as an asset in their bankruptcy schedules.  Plaintiff argued that the counterclaim properly belonged to the bankruptcy trustee, leaving defendants without standing to raise their claims in the circuit court.

On February 4, 2003, the trial court denied defendants' motion to dismiss the foreclosure complaint and granted, without prejudice, plaintiff's motion for summary judgment.  The trial court allowed defendants to go back to the bankruptcy court in order to bring in a proper party to pursue the allegations in the counterclaim.  Defendants, over plaintiff's opposition, managed to personally purchase the counterclaim from the bankruptcy trustee and, on August 13, 2003, refiled the counterclaim.

On September 19, 2003, plaintiff served its notice of election of arbitration and filed a motion to stay the matter pending the resolution of the arbitration.  On December 11, 2003, the trial court granted plaintiff's motion to stay, stating:

"Considering all the things that have transpired in this case, I cannot make a determination that there has been a waiver of any rights on the part of [plaintiff].  I know I sent you to the bankruptcy court and back again, and that took a great deal of time.  But I believe that the terms of the loan documents are very clear, and they do offer the right of arbitration."

Defendants timely appeal pursuant to Supreme Court Rule 307(a)(1) (Official Reports Advance Sheet No. 5 (March 5, 2003), R. 307(a), eff. January 1, 2003).

On appeal, defendants contend that plaintiff waived its right to submit the counterclaim to binding arbitration.  Defendants argue that, by filing the foreclosure action on January 17, 2002, plaintiff manifested an intent to abandon its rights to arbitration.  According to defendants, plaintiff further demonstrated its intent to abandon the right to arbitrate this matter by "engaging in a series of legal maneuvers in an attempt to avoid having to respond to the counterclaims."  Defendants suggest that they have been prejudiced by plaintiff's delay in asserting its right to arbitration.  Defendants conclude that the trial court erred by granting plaintiff's motion to stay the proceedings pending the outcome of arbitration.  We disagree.

Initially, we note that, while the parties correctly agree that this matter was properly and timely appealed pursuant to Supreme Court Rule 307(a)(1), which allows an interlocutory appeal from a judgment involving an injunction, the parties disagree over the standard of review to employ in considering whether the trial court properly granted plaintiff's motion.  Defendants urge that we employ a 
de novo
 review, relying on 
LAS, Inc. v. Mini-Tankers, USA, Inc.
, 342 Ill. App. 3d 997, 1001 (2003).  Plaintiff, on the other hand, notes that, ordinarily, the proper standard of review for an appeal brought under Rule 307(a)(1) is whether the trial court abused its discretion.  
Schroeder Murchie Laya Associates, Ltd. v. 1000 West Lofts, LLC
, 319 Ill. App. 3d 1089, 1092 (2001).  We agree with the 
LAS
 court, however, and believe that "the proper standard of review is dictated by the nature of the question presented to the trial court."  
LAS
, 342 Ill. App. 3d at 1001.  Here, as in 
LAS
, there were no disputed facts presented to the trial court, which was called upon to decide whether those undisputed facts established that plaintiff waived its right to arbitration as a matter of law.  Because a reviewing court conducts a 
de novo
 review of a legal question (
LAS
, 342 Ill. App. 3d at 1001), we will review 
de novo
 the issue that defendants raise on appeal.

Our examination of the record shows that plaintiff did not waive its right to submit the matter to arbitration.  To establish a waiver of the right to arbitration, a court must find that the party has acted so inconsistently with the assertion of its right to arbitrate as to demonstrate that the party has abandoned its right.  
Liberty Chevrolet, Inc. v. Rainey
, 339 Ill. App. 3d 949, 953 (2003).  Among the things to be considered are the party's conduct, the party's delay in asserting its right to arbitration, and whether such delay has prejudiced the opposing party.  
Liberty Chevrolet
, 339 Ill. App. 3d at 953.

Applying the foregoing principles to the facts of this case, we note that, while plaintiff initiated this matter by filing its foreclosure complaint, defendants did not properly stand before the court for purposes of the allegations raised in the counterclaim until they had purchased the rights to the counterclaim from the bankruptcy trustee in 2003.  When, on August 13, 2003, defendants refiled their counterclaim, it was the first time that a proper party was presenting the allegations contained in the counterclaim to the trial court.  On September 19, 2003, plaintiff filed its election of arbitration and its motion for a stay pending the conclusion of arbitration.  Hence, the record demonstrates that plaintiff timely exercised its right to invoke arbitration.

As to plaintiff's conduct, defendants urge that the mere act of filing a complaint in foreclosure results in the waiver of the plaintiff's right to arbitration.  We disagree.  "There is simply no bright-line rule that, merely by filing a complaint, a plaintiff waives the right to demand the arbitration of the issues raised by the complaint."  
Liberty Chevrolet
, 339 Ill. App. 3d at 954.  Moreover, the arbitration rider agreed upon by the parties specifically provides that the "use of the courts shall not constitute a waiver of the right of any party, including the plaintiff, to submit any [c]laim to arbitration nor render inapplicable the compulsory arbitration provisions" contained in the rider.  Further, defendants' counterclaim raised a number of issues significantly far afield from the issues raised in plaintiff's foreclosure complaint.  In addition, the counterclaim is itself a complaint, the filing of which enabled plaintiff to assert its right to arbitration.  See 
Liberty Chevrolet
, 339 Ill. App. 3d at 953.

Last, we note that defendants claim to be prejudiced by the passage of time from plaintiff's initial filing of its foreclosure complaint.  We do not believe that to be a proper point from which to measure the time period.  Rather, August 13, 2003, is the date from which defendants would have to claim prejudice, that being the first date that a proper party presented the allegations of the counterclaim to the trial court.  Because plaintiff filed its election to assert its right to arbitration a month later on September 19, 2003, we find that plaintiff did not delay in asserting its right to arbitration.  Hence, defendants have insufficiently demonstrated the existence of any prejudice arising from plaintiff's delay in asserting its right to arbitration.  We hold, therefore, that plaintiff did not waive its arbitration rights and that the trial court properly granted plaintiff's motion to stay the proceedings.

Defendants argue that plaintiff's foreclosure action submitted arbitrable issues to the trial court, thereby manifesting its intent to waive its right to arbitration.  Attempting to evade the rule set forth in 
Liberty Chevrolet
, 339 Ill. App. 3d at 954, defendants cite to 
Yates v. Doctor's Associates, Inc.
, 193 Ill. App. 3d 431 (1990).  There, the party seeking arbitration submitted arbitrable issues to the trial court where it filed five forcible entry and detainer cases that arose out of the same contract as the claims the party was seeking to have arbitrated.  Defendants conclude that here, the foreclosure action with which plaintiff initiated this action involves the same mortgages as their counterclaim.  We disagree with defendants' argument.  First, while the same property is involved in both the foreclosure action and the counterclaim, plaintiff is seeking to enforce its contractual right of foreclosure in response to defendants' alleged breach of the mortgage contract, while defendants' counterclaim is alleging deception and fraud in inducing them to execute the mortgages.  Thus, while defendants' counterclaim is clearly related to the mortgage contract, it addresses conduct outside of the contract.

Moreover, we find 
Yates
 to be distinguishable.  There, the appellate court engaged in an abuse of discretion review.  
Yates
, 193 Ill. App. 3d at 437.  This fact serves to distinguish 
Yates
 as there was no independent review conducted by the appellate court, but only an inquiry to ascertain whether there was sufficient evidence in the record to sustain the trial court's judgment.  Additionally, and more importantly, in 
Yates
, the plaintiffs filed the complaint, all counts of which were tied to the contract at issue.  The defendants sought to invoke arbitration, but also filed the forcible entry and detainer actions alleging that the plaintiffs had breached the contract upon which the plaintiffs were suing.  The court held that the defendants had not acted responsively or defensively, but had positively placed arbitrable issues in a judicial forum, thereby acting inconsistently with their request to require arbitration.  
Yates
, 193 Ill. App. 3d at 441.  Here, by contrast, plaintiff initiated the action in the trial court.  Defendants then, eventually, filed a counterclaim raising a number of new issues related to but outside of the contract at issue.  Plaintiff's election of arbitration after the filing of the counterclaim is not an action inconsistent with its foreclosure action, demonstrating the waiver of its right to arbitration, where plaintiff merely responded to defendants' legal maneuvering.

In pursuit of their argument that plaintiff submitted arbitrable issues to the trial court, defendants also cite to 
Atkins v. Rustic Woods Partners
, 171 Ill. App. 3d 373 (1988).  There, the defendant filed a motion to dismiss the plaintiffs' complaint, participated in two appeals, and three years after the initiation of the case, raised arbitration for the first time.  
Atkins
, 171 Ill. App. 3d at 379.  This court held that the defendant had participated in the litigation by filing the motion to dismiss, and had waived its right to require arbitration by requesting a resolution on the merits of the case before the trial court.  Here, in contrast, plaintiff never sought a resolution on the merits of the counterclaim before invoking the arbitration clause.  As a result, 
Atkins
 is inapposite.

Defendants also argue that plaintiff did not file its election of arbitration at the earliest possible moment.  Defendants contend that plaintiff's November 7, 2002, filing of an answer and affirmative defenses to their counterclaim results in sufficient participation in the litigation to find that plaintiff has waived its right to request arbitration.  We disagree.  Defendants overlook that, at the time they initially filed their counterclaim, they were not proper parties to bring the allegations of the counterclaim before the court.  Effectively, the trial court did not have jurisdiction over the matters raised in the counterclaim until the proper party to raise those matters was before it.  The only action of which the trial court (or we) could take proper notice was the August 13, 2003, filing of the counterclaim, because this is the point when defendants were the proper parties to bring the allegations in the counterclaim before the trial court.  Shortly thereafter, plaintiff filed its election of arbitration, at the first time it was proper or necessary to do so.

Defendants also assert that the filing of plaintiff's motion for summary judgment constituted participation in the litigation.  We disagree.  Once again, the motion for summary judgment did not seek to resolve any issues raised by the counterclaim.  Instead, plaintiff sought to bring to the trial court's attention that defendants were not the proper parties to bring the counterclaim--in other words, that the trial court did not yet have jurisdiction over the matters raised in the counterclaim.  We do not accept defendants' argument.

Defendants briefly raise a number of minor arguments, all along the lines that plaintiff's actions were inconsistent with its right to arbitration.  We have carefully examined the record in light of these arguments and find it unnecessary to address them in detail as they are without merit.

For the foregoing reasons, the order of the circuit court of Du Page County is affirmed.

Affirmed.

BOWMAN and GILLERAN JOHNSON, JJ., concur.