No. 2--09--0854

2-09-0854                Filed:  1-20-10
IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| ILLINOIS CONCRETE-I.C.I., Inc., | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 09--CH--816 |
| | ) | |
| STOREFITTERS, INC., and TOM | ) | |
| NESBITT, JR., | ) | |
| | ) | |
| Defendants-Appellants | ) | |
| | ) | |
| (Richard P. Parillo, Jr.; Joanna Parillo; MB | ) | |
| Financial Bank, as Successor to Oak Brook | ) | Honorable |
| Bank; and Unknown Owners and Nonrecord | ) | Michael T. Caldwell, |
| Claimants, Defendants). | ) | Judge, Presiding. |

JUSTICE HUDSON delivered the opinion of the court:

Defendants Storefitters, Inc., and Tom Nesbitt, Jr., appeal the denial of a motion to compel arbitration in an action instituted against them by plaintiff, Illinois Concrete-I.C.I., Inc.  Defendants also appeal the denial of their motion to dismiss counts in plaintiff's complaint, an order over which we lack jurisdiction.  For the reasons that follow, we affirm the trial court's denial of the motion to compel arbitration and we dismiss the remainder of this appeal.

Plaintiff filed a complaint asserting six counts against defendants.  The first three counts pleaded the same claim in alternative ways.  These counts stem from certain concrete work plaintiff performed for defendants, for which plaintiff alleges defendants did not pay, and are based upon a

written contract that contained an arbitration clause. The other three counts pleaded a second claim in alternative ways, based upon an oral contract (defendants contend that these counts also involve work subject to the written contract by virtue of an integration clause). These counts pertain to the "hauling of dirt and other miscellaneous construction material" for defendants, for which plaintiff also alleges defendants did not pay. The latter three counts are not pleaded in the alternative to the first three counts.

Before filing suit, plaintiff filed mechanics liens based upon both claims. Defendants then served upon plaintiff a notice pursuant to section 34 of the Mechanics Lien Act (Act) (770 ILCS 60/34 (West 2008)). That section provides, in relevant part:

> "Upon written demand of the owner, lienor, or any person interested in the real estate, or their agent or attorney, served on the person claiming the lien, or his agent or attorney, requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answer filed within 30 days thereafter, or the lien shall be forfeited." 770 ILCS 60/34 (West 2008).

Plaintiff therefore filed the present complaint. Defendants responded by filing a motion to compel arbitration of the first three counts. Defendants also moved to dismiss the latter three counts on two grounds--that plaintiff did not attach a copy of the contract to the complaint and that plaintiff lacked standing to sue.

The trial court denied defendants' request to compel arbitration. It found that defendants waived their right to arbitration by filing the section 34 demand for plaintiff to file suit. It also denied defendants' motion to dismiss the latter three counts, granted defendants 28 days to answer the complaint, and set the case for a status hearing. Defendants sought interlocutory review, citing

Supreme Court Rule 307(a)(1) (Official Reports Advance Sheet No. 7 (April 8, 2009), R. 307(a)(1), eff. March 20, 2009) as the basis for this court's jurisdiction. Rule 307(a)(1) grants a party an appeal as of right for any order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." Official Reports Advance Sheet No. 7 (April 8, 2009), R. 307(a)(1), eff. March 20, 2009. An order denying or compelling arbitration is injunctive in nature, so the trial court's denial of defendants' request to compel arbitration is within the scope of this rule. Craine v. Bill Kay's Downers Grove Nissan, 354 Ill. App. 3d 1023, 1025 (2005). However, defendants also rely upon Rule 307(a)(1) as the jurisdictional basis for this court to review the trial court's denial of their motion to dismiss the latter three counts of the complaint. We find that this rule does not provide us with jurisdiction over this order.

It has been held that, in accordance with Rule 307(a)(1), " '[t]he sole issue before the appellate court on an interlocutory appeal is whether a sufficient showing was made to sustain the order of the trial court denying the motion to compel arbitration.' " Menard County Housing Authority v. Johnco Construction, Inc., 341 Ill. App. 3d 460, 463 (2003), quoting Yandell v. Church Mutual Insurance Co., 274 Ill. App. 3d 828, 830 (1995). In Mohanty v. St. John Heart Clinic, S.C., 358 Ill. App. 3d 902, 905 (2005), the First District, after noting the limited scope of review under Rule 307(a)(1), stated, "The rule may not be used to determine the merits of the case." This court previously held, "An appeal under Rule 307 does not open the door to a general review of all orders entered by the trial court up to that date." Olympic Federal v. Witney Development Co., 113 Ill. App. 3d 981, 984 (1983). We did also note that, with respect to certain orders, some exceptions do exist. Olympic Federal, 113 Ill. App. 3d at 984.

Defendants seek to invoke one of those exceptions. They cite <u>Alfred Engineering, Inc. v. Illinois Fair Employment Practices Comm'n</u>, 19 Ill. App. 3d 592, 599-600 (1974), which holds as follows:

"Upon this interlocutory appeal we do not reach the merits of the case, the single justiciable issue being whether the trial court properly granted the preliminary injunctive relief. [Citation.] However, upon an interlocutory appeal, the appellant is permitted to ask this court to determine not only whether the trial court had the discretionary right to issue the temporary or preliminary injunction but also to consider whether or not the complaint upon which the temporary injunction was issued was proper to sustain such injunction [citation] or to sustain a judgment."

Reading this passage as broadly as defendants advocate would eviscerate the limited scope of Rule 307(a)(1). Defendants essentially contend that, because the complaint joins the latter three counts (which have nothing to do with the propriety of arbitration) with the first three counts (which are the subject of the motion to compel arbitration), this court has jurisdiction over the ruling on the latter three counts. Beyond an identity of parties, these two claims, as pleaded, have nothing to do with each other. The propriety of compelling arbitration on the first three counts is completely independent of the propriety of dismissing the latter three counts. The <u>Alfred Engineering</u> court expressly held that Rule 307(a)(1) jurisdiction could extend to "the complaint upon which the temporary injunction was issued." <u>Alfred Engineering, Inc.</u>, 19 Ill. App. 3d at 600. We will not read this holding as extending jurisdiction to a ruling on any otherwise unrelated counts that happen to be joined in a complaint.

We further note that defendants assert in their reply brief that the trial court implicitly found that the arbitration agreement applied to the latter three counts. This argument, which is a strained reading of the trial court's ruling, is largely undeveloped and unsupported by any legal authority, so we will not consider it further. Obert v. Saville, 253 Ill. App. 3d 677, 682 (1993) ("A reviewing court is entitled to have issues clearly defined with pertinent authority cited and cohesive arguments presented [citation], and it is not a repository into which an appellant may foist the burden of argument and research").

Finally, we also note that defendants assert that the oral agreement merged with the subsequent written contract. Plaintiff responds that there is nothing in the record to indicate that the oral agreement and the written contract applied to the same work. It is axiomatic that, for merger to occur, a previous agreement and a subsequent written agreement must pertain to the same subject matter. Barille v. Sears Roebuck & Co., 289 Ill. App. 3d 171, 177 (1997). As evidence that the agreements pertained to the same work, defendants point to the mechanics lien based on the oral contract, which states that it is for the "trucking and hauling of dirt." They then point to the written contract, which provides that it is for, inter alia, "removing and hauling concrete walls, footings and slabs in [the] subcontractor's trucks, digging a hole for a new addition and hauling away excess dirt." Defendants claim that this shows that the scope of the work is "identical." We disagree. Quite obviously, the mechanics lien does not mention demolition work, while the contract does, e.g., "Remove existing Concrete walls." The mere fact that both agreements involved using trucks is far too slender a reed for us to conclude that the arbitration agreement applied to the oral contract and that we therefore have jurisdiction to determine the merits of defendants' motion to dismiss the latter three counts of the complaint. Moreover, because these arguments involve disputed facts as opposed

to purely legal questions, the abuse of discretion standard would apply. Household Finance Corp. III v. Buber, 351 Ill. App. 3d 550, 553 (2004). Our review of the briefs and the record leads us to conclude that defendants could not establish an abuse of discretion by the trial court. Parenthetically, even if the latter three counts were subject to the contract's arbitration provision, by filing, and obtaining a ruling on, their motion to dismiss them, defendants clearly waived their right to compel arbitration. See Kostakos v. KSN Joint Venture No. 1, 142 Ill. App. 3d 533, 536 (1986). Accordingly, we will confine our review to the trial court's decision to deny defendants' request to compel arbitration. We dismiss the balance of defendants' appeal for want of jurisdiction.

We begin our analysis of this issue with the recognition that it is the public policy of this state that arbitration agreements are generally favored. See Liberty Chevrolet, Inc. v. Rainey, 339 Ill. App. 3d 949, 953 (2003). Nevertheless, like any contractual right, the right to compel arbitration may be waived. Kostakos, 142 Ill. App. 3d at 536. A waiver may occur where a party's actions are inconsistent with its right to seek arbitration and thus indicate an abandonment of the right. Jenkins v. Trinity Evangelical Lutheran Church, 356 Ill. App. 3d 504, 507 (2005). Hence, in Yates v. Doctor's Associates, Inc., 193 Ill. App. 3d 431, 440 (1990), the Fifth District of the Appellate Court held, where a defendant filed a number of forcible entry and detainer actions after the plaintiff initiated an action, that the defendant waived its right to have the conflict resolved by arbitration. This issue is subject to de novo review to the extent that its resolution requires no factual findings. Household Finance Corp. III, 351 Ill. App. 3d at 553.

The parties both cite La Hood v. Central Illinois Construction, Inc., 335 Ill. App. 3d 363 (2002). In that case, a contractor filed a mechanics lien after a dispute arose between it and a land owner. It then filed a request to have the dispute submitted to arbitration. The owner responded by

filing a demand under section 34 of the Act (770 ILCS 60/34 (West 2000)). In response to the demand, the contractor filed suit, but immediately requested that court proceedings be stayed and the matter submitted to arbitration. The court held that the contractor had not waived its right to compel arbitration. La Hood, 335 Ill. App. 3d at 365. The court first noted that filing the mechanics lien was not inconsistent with seeking arbitration. La Hood, 335 Ill. App. 3d at 365. The court then observed that the contractor filed suit only after the owner demanded that it do so and that it then promptly moved for a stay and to compel arbitration. La Hood, 335 Ill. App. 3d at 365. The contractor's actions were completely responsive to the owner's demand. They did not, therefore, manifest an intent to abandon arbitration. See La Hood, 335 Ill. App. 3d at 365-66. Another case providing sound guidance for the resolution of this appeal is Household Finance Corp. III, 351 Ill. App. 3d 550. There, we held that the plaintiff did not waive the right to compel arbitration, because the plaintiff had "merely responded to [the] defendant's legal maneuvering." Household Finance Corp. III, 351 Ill. App. 3d at 555.

In this case, the key issue is whether defendants, by filing their demand under section 34 of the Act (770 ILCS 60/34 (West 2008)), acted in a manner inconsistent with their right to seek arbitration. We hold that they did. Following such a demand, a party claiming a lien must file suit within 30 days or lose the lien. 770 ILCS 60/34 (West 2008). Nothing compelled defendants to make this demand, and they could have simply sought arbitration. Thus, the demand was not responsive to any action that plaintiff took. See Household Finance Corp. III, 351 Ill. App. 3d at 555. The trial court properly determined that defendants, by making their section 34 demand, waived their right to compel arbitration, and we affirm its decision.

Defendants raise six arguments as to why the trial court was incorrect. First, defendants contend that section 34 confers a statutory right not cognizable in an arbitration proceeding. Defendants assert that "a party cannot waive arbitration by invoking a remedy which is beyond the scope of in [sic] the language of the arbitration agreement." A section 34 demand does not invoke a remedy; it is a means to a remedy. What defendants ultimately seek is clear title. They could have pursued this via section 34 and a trial or through arbitration--both are means to the same remedy. That they expressly chose a method outside the scope of the arbitration agreement bolsters the trial court's conclusion that they intended to abandon arbitration.

Second, defendants argue that "using section 34 notice can be an effective means of invalidating a lien on property without resort to litigation if the lien holder does not file suit within the statutory time." While true, it may also be an effective way to resolve such a matter without resort to arbitration. Moreover, defendants ignore the fact that, by resorting to section 34, defendants were demanding that a suit be filed. That plaintiff might have chosen not to file a suit says nothing about defendants' intent in serving the demand in the first place. Regarding defendants' intent, the fact that they demanded litigation is more relevant.

Third, defendants claim that section 34 is simply a responsive means of dealing with a cloud on title. Defendants cite nothing indicating that they were required to respond in that manner or lose some right. Pursuant to applicable case law, that is what is meant when an action is said to be "responsive." See La Hood, 335 Ill. App. 3d at 365. The mere fact that defendants were responding to a plaintiff's lien is insufficient, given that they could have simply sought arbitration instead. Indeed, filing a mechanics lien is not inconsistent with a desire to seek arbitration (La Hood, 335 Ill. App. 3d at 365), so it is defendants who first manifested a desire to resort to the court system.

Fourth, defendants claim that plaintiff elected the legal forum in derogation of its duty to seek arbitration. This argument begs the question in that it assumes that defendants' demand that plaintiff proceed to litigation was meaningless. Instead, in response to defendants' demand, plaintiff filed its complaint to protect its lien as section 34 of the Act required. 770 ILCS 60/34 (West 2008).

Fifth, defendants point to a provision of the contract that incorporates a rule from the American Arbitration Association Rules for the Construction Industry. That rule provides, "No judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate." We note that in two cases, this very rule and another similar one have been held not to be dispositive of the issue. See Household Finance Corp. III, 351 Ill. App. 3d at 554; La Hood, 335 Ill. App. 3d at 366. Instead of merely relying on the contractual provisions incorporating the rules, the courts in those cases performed full analyses of the parties' respective conduct. See Household Finance Corp. III, 351 Ill. App. 3d at 554-56; La Hood, 335 Ill. App. 3d at 364-66. Such provisions provide evidence of the parties' intent at the time of contracting. See La Hood, 335 Ill. App. 3d at 366 ("The inclusion of the specific reference to the AAA Construction Industry Arbitration Rules *** indicates that the parties intended to favor arbitration and, as such, we will not waive that right lightly"). Nevertheless, subsequent conduct also provides evidence of intent. In this case, defendants clearly and affirmatively demanded litigation. Plaintiff was forced to acquiesce at the pain of losing its lien. Defendants cannot now rely on the right that they so clearly relinquished. Finally, the plain language of the provision cited by defendants states that filing a suit in itself does not constitute a waiver. It does not say that demanding that the other party file a suit does not constitute a waiver. The latter, of course, is what defendants did. Defendants' contention that making a section 34 demand does not even reach the level of filing a suit, and thus

also cannot constitute a waiver, is not well taken. Filing a suit can take place in various contexts-- such as in response to a section 34 demand--that would diminish any inference regarding an intent to abandon arbitration. Conversely, demanding that litigation be instituted pursuant to section 34 is unequivocal.

Sixth, defendants assert that "the subcontract itself evinces an intention to mediate followed by arbitration if mediation proves unavailing." While true, the question is not what arbitration right the contract established; it is whether defendants waived that right. Defendants state, "Deference should be given to the contract's terms." It is defendants who acted in derogation of the contract's terms by demanding litigation and placing plaintiff in a position where it was required to file a complaint or be prejudiced by its inaction.

In light of the foregoing, the order of the circuit court of McHenry County denying defendants' motion to compel arbitration is affirmed. The balance of this appeal is dismissed for lack of jurisdiction. Defendants raise various other points throughout their briefs that are largely undeveloped and that we, in any event, do not find persuasive. We remand this cause to the circuit court for further proceedings.

Affirmed in part and appeal dismissed in part; cause remanded.

O'MALLEY and SCHOSTOK, JJ., concur.