2024 IL App (1st) 240461-U

FIRST DISTRICT,
FIRST DIVISION
June 24, 2024

No. 1-24-0461

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| MCGRATH NISSAN, INC., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County, Illinois. |
| | ) | |
| v. | ) | No. 23 M3 003692 |
| | ) | |
| FUMI SUEMATSU, | ) | Honorable |
| | ) | Martin S. Agran, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Trial court did not err in finding that plaintiff waived its right to arbitration of dispute over automobile sales contract.

¶ 2     Plaintiff McGrath Nissan, Inc., a car dealership, brought suit against defendant Fumi Suematsu, alleging that she defaulted on an automobile sales contract. Suematsu filed a counterclaim alleging that the vehicle was defective and seeking damages for breach of warranty, failure to disclose statutory warranty, and fraud. Relying on the arbitration clause in the parties' sales contract, plaintiff moved to compel arbitration of Suematsu's counterclaim. The trial court

denied the motion, finding that, by filing suit against Suematsu, plaintiff materially breached the arbitration agreement and waived its right to arbitration. For the reasons that follow, we affirm.

¶ 3                                                    BACKGROUND

¶ 4        On May 13, 2022, plaintiff sold Suematsu a certified pre-owned 2020 Nissan Kicks with 38,422 miles for $23,268.37. The parties entered into an arbitration agreement which provided, in relevant part: "Any dispute arising out of or related to the purchase, lease, servicing, or repair of [the vehicle] from Nissan McGrath (Dealer), including any dispute over whether a dispute is subject to arbitration, shall be resolved by arbitration before a single arbitrator pursuant to the Binding Arbitration Rules."

¶ 5        On June 12, 2023, plaintiff filed the instant suit against Suematsu, alleging that she had failed and refused to pay the outstanding balance of $5000 on the vehicle. Plaintiff sought $5000 plus prejudgment interest and costs, as provided for in the sales contract.

¶ 6        On September 18, 2023, Suematsu filed a counterclaim alleging that the vehicle was defective and that plaintiff committed numerous misrepresentations and statutory violations:

- Prior to the sale, plaintiff's sales representative told Suematsu that the vehicle had never been in an accident. Suematsu subsequently obtained a CarFax report and discovered that, on September 25, 2021, the vehicle had been in an accident "[o]f a disabling nature *** [r]equiring the vehicle to be towed from the scene" and was subsequently sold at a salvage or insurance auction.

- The vehicle had numerous defects that should have precluded certified pre-owned qualification, including "misaligned body components indicative of underlying structural vehicle damage" and steering that veered toward the left.

- The sales agreement "purports to disclaim all express and implied warranties," in contravention of section 505/2L of the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/2L (West 2020)), which "creates a statutory warranty on all used vehicles sold by Illinois dealers and mandates disclosure of the statutory warranty."

Suematsu sought compensatory damages for breach of warranty, and compensatory and punitive damages for failure to disclose statutory warranty, consumer fraud, and common law fraud.

¶ 7    On October 30, 2023, plaintiff filed a "Motion to Dismiss in Favor of Arbitration" in which it requested that the court "dismiss Suematsu's counterclaim and require the parties to arbitrate her purported dispute" pursuant to the arbitration agreement between the parties.

¶ 8    The trial court denied plaintiff's motion on February 2, 2024, finding that plaintiff "materially breached the Arbitration Agreement by filing suit and it waived its right to demand arbitration. Under either rule of law—material breach or waiver—by filing that suit it discharged Defendant from having to arbitrate." Pursuant to Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017), plaintiff filed the instant interlocutory appeal. See *Clanton v. Oakbrook Healthcare Center, Ltd.*, 2022 IL App (1st) 210984, ¶ 38 ("An order granting or denying a motion to compel arbitration is injunctive in nature and is appealable under Rule 307(a)(1)." (internal quotation marks omitted)).

¶ 9                                ANALYSIS

¶ 10    Initially, Suematsu filed a motion to strike plaintiff's reply brief, which we have taken with the case. Plaintiff devotes the majority of its reply brief to raising new issues not raised in its initial brief. In particular, plaintiff argues, for the first time, that the dispute over whether Suematsu's counterclaim is subject to arbitration must itself be arbitrated. Plaintiff also extensively discusses the issue of material breach, which it did not previously address. "Points

not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Ill. S. Ct. R. 341(h)(7) (eff. Oct 1, 2020); see also *Franciscan Communities, Inc. v. Hamer*, 2012 IL App (2d) 110431, ¶ 19 (appellant forfeited consideration of issue raised for the first time in reply brief). Accordingly, plaintiff's new arguments raised in its reply brief are forfeited and will not be considered in this appeal.

¶ 11    A motion to compel arbitration "is essentially a section 2-619(a)(9) motion to dismiss or stay an action in the trial court based on an affirmative matter" (*Sturgill v. Santander Consumer USA, Inc.*, 2016 IL App (5th) 140380, ¶ 21; see 735 ILCS 5/2-619(a)(9) (West 2018)), which admits all well-pleaded allegations in the complaint as true. *Doe v. University of Chicago Medical Center*, 2015 IL App (1st) 133735, ¶ 4. Since the court denied the motion without an evidentiary hearing, our review is *de novo*. *Hollingshead v. A.G. Edwards & Sons, Inc.*, 396 Ill. App. 3d 1095, 1099 (2009).

¶ 12    The trial court denied plaintiff's motion based on its findings that, by filing the present action, plaintiff materially breached the arbitration agreement and waived its right to arbitrate. It is well established that a party who materially breaches a contract cannot take advantage of terms that benefit it. *Chicago Architectural Metals, Inc. v. Bush Construction Co.*, 2022 IL App (1st) 200587, ¶ 72. As noted, plaintiff did not argue the issue of material breach in its initial brief and has thereby forfeited the issue, which by itself justifies affirmance of the trial court's order.

¶ 13    Additionally, we find no error in the trial court's finding of waiver. Although arbitration is a favored method of settling disputes, a party may waive its contractual right to arbitration. *TSP-Hope, Inc. v. Home Innovators of Illinois, LLC*, 382 Ill. App. 3d 1171, 1174 (2008). "A waiver is a voluntary relinquishment of a known right, claim or privilege." (Internal quotation marks omitted.) *Klancir v. BNSF Ry. Co.*, 2015 IL App (1st) 143437, ¶ 26. A party waives its

right to arbitrate where it "conducts itself in a manner inconsistent with the arbitration clause, thereby demonstrating an abandonment of that right." *Koehler v. The Packer Group, Inc.*, 2016 IL App (1st) 142767, ¶ 22. In considering whether waiver has occurred, courts have followed "a variety of overlapping approaches to the issue." *Bovay v. Sears, Roebuck & Co.*, 2013 IL App (1st) 120789, ¶ 29 (collecting cases). Plaintiff relies heavily upon this court's decision in *Liberty Chevrolet, Inc. v. Rainey*, 339 Ill. App. 3d 949 (2003), to which we now turn.[1]

¶ 14        The *Liberty Chevrolet* court explained that "an election to sue presumptively waives the right to arbitration." *Id.* at 954 (citing *Cabinetree of Wisconsin, Inc. v. Kraftmaid Cabinetry, Inc.*, 50 F.3d 388, 391 (7th Cir. 1995)); see also *Rathje v. Horlbeck Capital Management, LLC*, 2014 IL App (2d) 140682, ¶ 40. This presumption may be rebutted in "abnormal" circumstances where invoking judicial process "does not signify an intention to proceed in a court to the exclusion of arbitration." *Cabinetree*, 50 F.3d at 391. For instance, "[t]he shape of the case might so alter as a result of unexpected developments during discovery or otherwise that it might become obvious that the party should be relieved from its waiver and arbitration allowed to proceed." *Id.* Other "abnormal" circumstances recognized by Illinois courts include a party being statutorily required to bring suit to avoid forfeiture of liens (*TSP*, 382 Ill. App. 3d at 1176) or bringing solely nonarbitrable issues before the court (*In re Liquidation of Inter-American Insurance Co. of Illinois*, 303 Ill. App. 3d 95, 102-03 (1993)). In such cases, the court "should find no waiver or should permit a previous waiver to be rescinded," after weighing any potential prejudice to the party resisting arbitration and the diligence (or lack thereof) of the party seeking arbitration. *Cabinetree*, 50 F.3d at 391.

---

[1] *Overland Bond & Investment Corp. v. Calhoun*, 2023 IL App (1st) 221804, ¶ 53, discussed by both parties, is inapposite because it explicitly declined to decide the issue of whether plaintiff waived its right to arbitration and instead based its ruling on contractual language not present here.

¶ 15        Plaintiff argues that this case presents such an "abnormal" situation because Suematsu's counterclaim was an "unexpected development[]" which "drastically altered the nature of the litigation in a way that [plaintiff] could not foresee when it filed its Complaint." We disagree. Taking the well-pleaded allegations in Suematsu's counterclaim as true (*Doe*, 2015 IL App (1st) 133735, ¶ 4), plaintiff intentionally sold Suematsu a defective vehicle that did not meet the requirements for a Nissan certified pre-owned vehicle. Upon discovering the defects, Suematsu disputed the down payment with her credit card issuer, which canceled the charge. Suematsu also made "repeated emails, phone calls and visits in person" to plaintiff, seeking "redress"; plaintiff's representatives "insulted" her and "stat[ed] they did not have time to listen to her 'poor English.' " Plaintiff then initiated litigation against Suematsu for the unpaid balance on the vehicle. In light of these facts, plaintiff can hardly be surprised that Suematsu filed a counterclaim seeking damages for the condition of that same vehicle.

¶ 16        In this regard, this case is distinguishable from *Liberty Chevrolet*, 339 Ill. App. 3d at 954, in which the court's finding that plaintiff did not waive the right to arbitrate was based upon its finding that defendant's counterclaim "drastically altered the nature of the litigation" in a way that plaintiff could not reasonably have foreseen when it filed its initial complaint. Here, the record reflects that plaintiff could certainly have foreseen the substance of Suematsu's counterclaim when it chose to invoke judicial process against her.

¶ 17        This case is analogous to *Schroeder Murchie Laya Associates, Ltd. v. 1000 W. Lofts, LLC*, 319 Ill. App. 3d 1089 (2001), in which plaintiff filed suit seeking payment for work it performed under a contract with defendant. Defendant filed a counterclaim "directly address[ing] the reasoning why [defendant] did not pay for the services rendered and alleg[ing] that it was [plaintiff] which in fact breached the contract." *Id.* at 1099. In finding that plaintiff waived its

right to arbitration, the *Schroeder* court relied in part on the fact that plaintiff's claim and defendant's counterclaim "arose out of the same contractual dispute, involve the same project and the same parties, and will likely involve consideration of the same issues." *Id.* at 1098 (citing *Yates v. Doctor's Associations, Inc.*, 193 Ill. App. 3d 431, 440 (1990) (defendants waived right to arbitration where the action filed by the plaintiffs and the actions filed by defendants arose out of the same dispute and required consideration of many of the same issues)). Likewise, Suematsu's counterclaim arises out of the same contractual dispute as plaintiff's initial complaint and directly addresses the reason why she did not pay for the vehicle.

¶ 18        Plaintiff argues that it promptly sought arbitration after Suematsu filed her counterclaim and that requiring her to arbitrate her counterclaim would not prejudice her. We note that plaintiff only sought to compel arbitration of Suematsu's counterclaim while proceeding with its own claim in the circuit court. Because both claims arise out of the same facts and involve the same issues—in particular, the car's alleged defects and the alleged misrepresentations made to Suematsu by plaintiff's representatives—Suematsu would certainly be prejudiced if she was required to incur the expense of litigating the same issues in multiple forums. Moreover, plaintiff's promptness in seeking arbitration is not sufficient by itself to rebut the presumption that plaintiff's election to proceed judicially constitutes a waiver of the right to arbitrate. See *Yates*, 193 Ill. App. 3d at 440 (upholding finding of waiver where defendant "did act expeditiously in attempting to stop the judicial proceedings and obtain arbitration of plaintiffs' claims" but acted inconsistently with the arbitration clause by "submit[ing] arbitrable issues for judicial determination").

¶ 19        For the same reason, we reject plaintiff's argument that we should permit any waiver to be rescinded under the facts of this case, in which plaintiff voluntarily elected to submit its

breach of contract claim to the circuit court while being aware that the condition of the car was in dispute. The record does not reflect that Suematsu's counterclaim was an "unexpected development[]" (*Cabinetree*, 50 F.3d at 391) that would justify recission of waiver.

¶ 20                                                CONCLUSION

¶ 21        For the foregoing reasons, we affirm the trial court's denial of plaintiff's motion to compel arbitration.

¶ 22        Affirmed.