ROBERT F. ATKINS *et al.*, Plaintiffs-Appellants, v. RUSTIC WOODS PARTNERS *et al.*, Defendants-Appellees.

Second District   No. 2—87—0799·

Opinion filed June 23, 1988.

Mason D. Sullivan, of Mason D. Sullivan, Ltd., of Chicago, for appellants.

James E. McParland, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees Rustic Woods Partners, Harold Benware and Daniel Mesch.

JUSTICE NASH delivered the opinion of the court:

Plaintiffs Robert Atkins, Sheldon Bulwa, William Mueller, Richard Tyska, Paul Green, Nina Maslow and George Keyser, who are partners in Rustic Woods Partners, a limited partnership, appeal from an order of the circuit court granting the motion of defendants Rustic Woods Partners, Harold Benware, and Daniel Mesch to dismiss count III of plaintiffs' second amended complaint which sought compensatory and punitive damages for an alleged breach by defendants of fiduciary duties in connection with the sale of partnership real estate and directed plaintiffs to proceed to arbitration of their claim. Plaintiffs contend that the terms of the partnership agreement did not require arbitration and, alternatively, that defendants had waived any right to arbitration by their delay and inconsistent conduct.

Plaintiffs entered into a partnership agreement to purchase an apartment building as limited partners, and defendants Benware and Mesch subsequently became the general partners of Rustic Woods Partners. On July 6, 1979, the general partners entered into a contract for the sale of the real estate to Randolph Marsh, who, before the sale, was the attorney who had represented the partnership. This contract was consented to by partners, representing the requisite partnership percentage interests, but was later rescinded when a fire destroyed a number of the apartments. In April 1980, the general partners and Marsh entered into a new contract for the sale of the apartment building with terms and conditions substantially different than the original contract, and the limited partners did not consent to the new contract. Certain limited partners requested that the contract be rescinded because they did not consider it to be in the best interests of the partnership.

Plaintiffs commenced this action in May 1984, and in an amended complaint sought a rescission of the contract entered into between the general partners and Marsh (count I), an injunction restraining the general partners and Marsh from performing the contract (count II), compensatory and punitive damages from the general partners and Marsh for a breach of fiduciary duties in connection with the transaction (count III), and an accounting from the general partners of all partnership transactions since 1975 (count IV). The general partners moved to dismiss plaintiff's amended complaint on the grounds that under the partnership agreement they had the sole right and authority to dispose of partnership real estate, that plaintiffs failed to name all limited partners as parties to the action, and they were indispensable parties, and, to the extent plaintiff's amended complaint alleged fraud, that it failed to allege all elements of that cause of action. The

trial court dismissed counts I, II and III, with leave to further amend count III, and the general partners withdrew their motion as to count IV. Plaintiffs filed amendments to count III of their complaint, and the general partners' motion to dismiss this count pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) was granted by the trial court. Defendants' motion to dismiss asserted that the trial court, by its prior order dismissing count III of the amended complaint, "affirmed the right of the General Partners to sell real estate owned by the Partnership, which is a power reserved to them in the Limited Partnership Agreement," and that plaintiffs failed to plead facts supporting their conclusory allegations that the general partners breached their fiduciary duty to the limited partners; that the general partners were in a fiduciary position to the limited partners; or that the limited partners suffered any damage. Count III of plaintiff's second amended complaint was also dismissed as to defendant Marsh.

Plaintiffs appealed from the trial court's orders dismissing counts I, II, and III of their amended complaint, and this court affirmed the order dismissing counts I and II of the complaint but reversed and remanded as to count III over defendants' argument that, as a matter of law, plaintiffs could not sue them because of the general rule that a partner cannot sue a copartner prior to a final accounting. See *Atkins v. Rustic Woods Partners* (1986), 146 Ill. App. 3d 1166 (unpublished Rule 23 order).

Subsequent to plaintiff's first appeal, the apartment building was sold, and on June 23, 1987, the general partners petitioned for an order to allow distribution of the sales proceeds and to dissolve the partnership. Defendants also moved to dismiss count III of plaintiff's second amended complaint, asserting that its allegations were moot because immediately after the sale of the property, the limited partners had been advised of their respective shares of the sales proceeds, were asked to sign a release and acknowledgement in exchange for their share of the proceeds, and five of the seven plaintiffs in this case either signed and returned the release and acknowledgement or had given it to their attorney to be exchanged for a certified check. Alternatively, the general partners asserted that the following provision from the partnership agreement dated December 9, 1975, required plaintiffs to arbitrate any dispute between partners and that the allegations contained in count III of plaintiff's complaint were a proper subject for arbitration.

> "1. In the event of any dispute or disagreement between any of the Partners affecting their respective rights in this Partner-

ship, the disputing parties shall set forth their respective positions and disagreements in writing, informally, and give them, together with written notice of the same, to the General Partners, to the effect that such dispute exists. The General Partners will then make a good faith effort to resolve the dispute or disagreement. If the dispute is not resolved at the expiration of fifteen (15) days from the time the General Partners receive such notices and statements, the entire matter shall then be submitted to arbitration as set forth in the paragraph immediately herein below.

2. If the dispute or disagreement between any of the Partners has not been resolved in accordance with the provisions of Paragraph 1 of this Article, then any such controversy or claim arising out of or relating to this Partnership Agreement, or the breach thereof, shall be settled by Arbitration to be held in Chicago, Illinois, in accordance with the rules of the American Arbitration Association then obtaining. Any decision rendered therein shall be final and binding on each and all of the Partners, and judgment may be entered thereon in the appropriate state or federal court. The arbitrators shall be bound to strict interpretation in observation of the terms of this Partnership Agreement. The successful party to any arbitration shall be awarded all costs and attorneys' fees attributable to the arbitration and the controversy to which it relates."

The trial court granted the general partners' motion to dismiss, finding that the partnership agreement mandated arbitration of plaintiffs' claim, and ordered a stay of proceedings pending arbitration. Plaintiffs again appeal, contending that the arbitration provision only applied to disputes among limited partners, that claims for a breach of a fiduciary duty are not disputes or disagreements between partners affecting their respective rights in the partnership, and that defendants waived any right to arbitration by their delay and inconsistent conduct.

■ Initially we note that Supreme Court Rule 307(a) permits appeal of an interlocutory order granting an injunction (107 Ill. 2d R. 307(a)), and as an order granting a stay of proceedings and compelling arbitration is analogous to an injunction, we have jurisdiction to consider this appeal. See *Property Management, Ltd. v. Howasa, Inc.* (1973), 14 Ill. App. 3d 536, 539, 302 N.E.2d 754; see also *Cencula v. Keller* (1987), 152 Ill. App. 3d 754, 756, 504 N.E.2d 997 (the trial court's order denying a motion to stay proceedings and compel arbitration is appealable pursuant to Supreme Court Rule 307(a)).

Plaintiffs first contend that the partnership agreement did not require the limited partners to arbitrate a dispute involving the general partners and another partner when the issue involved a breach of fiduciary duties.

■ At the time of the agreement, section 1 of the Illinois Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 101) provided, in essence, that a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable, and irrevocable. Contrary to plaintiffs' assertions, we consider that the arbitration clause of this agreement includes a dispute as to the fiduciary duties of defendants. To determine the scope of the arbitration clause, the court must examine both the wording of the particular clause and the terms of the contract. (*J&K Cement Construction, Inc. v. Montalbano Builders, Inc.* (1983), 119 Ill. App. 3d 663, 670, 456 N.E.2d 889, 895.) The written contract in this case contains a "generic" arbitration clause which does not enumerate which disputes are arbitrable. (See *J&K Cement,* 119 Ill. App. 3d at 670, 456 N.E.2d at 895.) The clause designates as arbitrable *"any* dispute or disagreement between *any* of the Partners affecting their respective rights in this Partnership." (Emphasis added.) The agreement also states that the general partners and the limited partners are "sometimes collectively referred to herein as 'Partners.' " We conclude that the arbitration clause of the partnership agreement would ordinarily require arbitration of the dispute in question.

Plaintiffs contend, in the alternative, that defendants waived their right to arbitration by their inconsistent behavior and delay in seeking arbitration.

■ Because arbitration is an efficient method of dispute resolution, waiver of the right to arbitrate is not lightly inferred. (*Edward Electric Co. v. Automation, Inc.* (1987), 164 Ill. App. 3d 547, 554, 518 N.E.2d 172, 177.) Waiver may occur, however, when a party acts in a manner which is inconsistent with the arbitration clause, thus indicating an abandonment of the right. (*Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 536, 491 N.E.2d 1322, 1325.) A party's conduct amounts to waiver when the party submits arbitrable issues to a court for decision. *Kostakos,* 142 Ill. App. 3d at 536, 491 N.E.2d at 1325.

Defendants did not answer plaintiffs' complaint or amended complaint; however, they filed a motion to dismiss the complaint for failure to state a cause of action, apparently pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615), and it was dismissed. Plaintiffs appealed, and, after this court

reversed and remanded the cause and reinstated count III, defendants Benware, Mesch, and Rustic Woods Partners filed a petition for distribution of sale proceeds and to dissolve the partnership, and also a motion to dismiss count III, which petition for the first time sought arbitration.

■■ The existence of a waiver is determined by the types of issues submitted, not by the number of papers filed with the court. (*Kostakos v. KSN Joint Venture No. 1* (1986), 142 Ill. App. 3d 533, 536-37, 491 N.E.2d 1322, 1325.) Submitting substantive issues to the court for determination manifests an intent to abandon the right to arbitrate. (See *Brennan v. Kenwick* (1981), 97 Ill. App. 3d 1040, 1043, 425 N.E.2d 439, 441-42.) Apart from the prejudice plaintiffs claim resulted from the defendants' delay in asserting their right to arbitration, we conclude that the defendants' participation in the judicial forum was inconsistent with their contractual right to require arbitration and was an abandonment of that right.

■■ Defendants sought dismissal of plaintiffs' complaint for failure to state a cause of action based on an interpretation of the partnership agreement which, they argued, awarded them unconditional authority to convey the partnership's property. Defendants' motion to dismiss plaintiffs' second amended count III asserted that the trial court, by its prior order dismissing count III of the amended complaint, had determined that defendants had the right under the partnership agreement to sell the apartment building. Nowhere in these motions, however, did defendants seek to raise an arbitration claim. On the first appeal of this case, defendants argued that, as a matter of law, plaintiffs could not maintain an action against them until there had been a final accounting. Defendants also filed a petition in the trial court to allow them to distribute sale proceeds and to dissolve the partnership which, in our view, manifested their intent to pursue the matter in court rather than in arbitration. Defendants did not raise the question of arbitration until their motion to dismiss count III of the second amended complaint had been granted and then reversed on appeal, more than three years after plaintiffs' initiation of the action. Defendants' participation in this litigation was not merely responsive, and its pleadings were not filed solely to protect its rights from litigation. *Cf. Edward Electric Co. v. Automation, Inc.* (1987), 164 Ill. App. 3d 547, 554-55, 518 N.E.2d 172, 177.

■■ Plaintiffs correctly argue that Marsh, an attorney, was not a party to the agreement that required arbitration, and thus, it did not bind him. As such, the proceedings against him alleging a breach of fiduciary duties are properly before the circuit court. Inasmuch as we

have decided that the trial court's order compelling arbitration with defendants must be reversed, we need not discuss plaintiffs' argument that allowing arbitration would be duplicative. However, we note that, generally, an agreement to arbitrate would be enforced despite the existence of claims by third parties or of pending multiparty litigation. *Iser Electric Co. v. Fossier Builders, Ltd.* (1980), 84 Ill. App. 3d 161, 166, 405 N.E.2d 439, 442.

Accordingly, the order of the circuit court compelling arbitration is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

INGLIS and DUNN, JJ., concur.