2016 IL App (3d) 140570

Opinion filed April 21, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2016

| | | |
|---|---|---|
| ROBERT J. WATKINS, as Trustee of the Watkins Enterprises Land Trust and Partnership, | ) ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Marshall County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-14-0570 Circuit No. 13-LM-58 |
| CHRIS E. MELLEN, PAUL H. MELLEN, DENNIS I. MELLEN, DAVID MELLEN, and CINDY PARRY, | ) ) ) ) ) | Honorable Thomas Keith, |
| Defendants-Appellants. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices McDade and Carter concurred in the judgment, with opinion.

**OPINION**

¶ 1        Robert J. Watkins, trustee of the Watkins Enterprises Land Trust and Partnership, brought an action for declaratory judgment in the circuit court of Marshall County seeking authority to sell real estate which formed the corpus of the a trust at public auction.[1]   The trust

_____

[1] Watkins originally brought the action in both his capacity as trustee and individually as a partner/beneficiary.  During the pendency of the proceedings before the circuit court, he was

had 26 beneficiaries, 23 of whom voted to approve the sale. The dissenting beneficiaries (defendants) filed a motion pursuant to section 2-619(a)(2) of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(2) (West 2012)) seeking to dismiss Watkins's petition for declaratory judgment. The defendants maintained that Watkins did not have authority to bring the instant action under the terms of the trust/partnership agreement and thereby lacked standing to bring the declaratory judgment action. Specifically, the defendants maintained that Watkins could not act without first obtaining the unanimous agreement of all shareholders. After significant motion practice, the trial court held a hearing on the defendants' motion to dismiss. On January 24, 2014, the trial court issued an order holding that Watkins had standing to bring the declaratory action without the prior unanimous agreement of the shareholders. On March 10, 2014, the defendants filed a motion to compel arbitration demanding arbitration of the issue of whether Watkins could take actions without the prior unanimous agreement of the shareholders. Watkins filed an opposition maintaining that the defendants had waived the issue of arbitration by filing the section 2-619 motion to dismiss his complaint for declaratory judgment. The trial court denied the defendants' motion to compel arbitration. The defendants appeal the denial of their motion to compel arbitration pursuant to Supreme Court Rule 307(a)(1), allowing interlocutory appeals from an order denying a motion to compel arbitration. Ill. S. Ct. R. 307(a)(1) (eff. Feb. 26, 2010). We affirm.

¶ 2                                                    BACKGROUND

---

allowed to amend his complaint and the matter proceeded only in his capacity as trustee. The dissenting beneficiaries/partners did not oppose the motion to dismiss Watkins in his individual capacity.

2

¶ 3    On April 2, 1977, Albert L. Watkins and Rose F. Watkins executed the "Watkins Enterprises Land Trust/Partnership Agreement" which provided in relevant part that a trustee would take legal title to certain real estate consisting of farmland in Marshall County, Illinois. Pursuant to the terms of the trust, a trustee was appointed and instructed to hold title to the real estate for the benefit of the partners/shareholders identified in an accompanying partnership agreement. Under the terms of the partnership agreement, the trustee was directed to issue 1112 shares having equal value, but to be distributed unequally between all partners/shareholders on the condition that they would agree to be bound by the terms of the agreement. The express relationship of the shareholders "shall be that of partners governed, except as otherwise provided in this Agreement, by the Partnership Act." The agreement also established a management committee to handle the "day-to-day management and ministerial acts of the partnership." Unanimous written consent of all partners was required for various actions, including termination of the partnership.

¶ 4    Regarding the specific powers of the trustee, the agreement provided at paragraph 11.08 that "[t]he trustee shall have the following powers and discretions, and except to the extent inconsistent herewith, any other powers that may be granted by law *** [t]o sell any portion of the Property for cash or on credit, at public or private sale *** and to determine the prices and terms sales." Somewhat inconsistently however, the agreement also provided at paragraph 11.01 that "[d]uring the period in which more than one Person owns Shares, the Trustee shall act or omit to act upon the written direction of the Partnership."

¶ 5    The agreement also contained a paragraph stating that "any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the then existing rules of the American Arbitration Association." The

agreement further provided that "the Partnership reflected in the Agreement shall terminate upon the first to occur of the bankruptcy, receivership or dissolution of the Partnership, or the written agreement of all the Shareholders."

¶ 6      At the time of the instant action, the partnership consisted of 26 beneficiaries/partners. Robert Watkins had served as trustee since December 31, 1996. At some time in 2012, a poll of the shareholders was conducted asking them "whether the real estate titled to the Trustee of the Watkins Enterprises Land Trust and Partnership should be sold at public auction." Three of the 26 shareholders objected to the proposition. Robert Watkins, both in his individual capacity and as trustee of the land trust, then filed a complaint for declaratory judgment seeking an authorization for the court to sell the assets of the trust at auction. The complaint named the three objecting shareholders as defendants. Several hearings and multiple pleadings followed.

¶ 7      The defendants' motion to strike the complaint was based upon an allegation that Watkins lacked standing to bring the instant action in his capacity as trustee of the land trust. The defendants maintained that prior unanimous consent of all shareholders was required before the trustee could take action to sell the real estate held in trust.[2] Following an evidentiary hearing on the motion, the trial court denied the defendants' motion to strike, holding that Watkins, in his capacity as trustee, had standing to seek declaratory relief and that the arbitration clause did not impair his standing to pursue declaratory relief.

---

[2] The defendants also argued that the arbitration clause in the Trust/Partnership Agreement prevented Watkins from acting in his individual capacity. However, the court allowed Watkins to be voluntarily dismissed in his individual capacity and all actions were pursued solely in his capacity as trustee.

4

¶ 8        Subsequently, approximately two months after the court denied the motion to dismiss, two

additional defendants were added to the complaint, Cynthia Parry and David Mellen.  The

defendants then raised, for the first time in this proceedings a claim that Watkins's filing the

complaint for declaratory judgment violated the arbitration clause of the trust/partnership

agreement.  Watkins responded by arguing that the defendants had waived enforcement of the

arbitration clause by filing the motion to dismiss pursuant to section 2-619(a)(2).  Without

holding a hearing, the court then denied the defendants' motion to compel arbitration.  The court

rejected Watkins's waiver argument, but nonetheless denied the motion to compel arbitration.

The defendants appealed the ruling denying their motion to compel arbitration.

¶ 9                                        ANALYSIS

¶ 10       The dispositive issue in the matter *sub judice* is whether the defendants' filing of a motion

to dismiss pursuant to section 2-619(a)(2) of the Code and litigating the merits of that motion

waived their right to file a subsequent motion to compel arbitration.  We hold that it did and

affirm the trial court's ruling on that basis.

¶ 11       We recognize that the parties are in disagreement as to what issue is specifically before

this court on appeal.  The defendants maintain that the trial court erred in determining as a matter

of fact that the trust/partnership agreement did not require Watkins to submit to arbitration prior

to taking steps to sell the property after failing to obtain the unanimous approval of the

shareholders.  Watkins maintains that the trial court was correct in denying the motion to compel

arbitration, however, it should have done so on the basis of waiver, as he argued to the trial court.

He further maintains that a court of review may sustain the trial court's decision on any grounds

appearing in the record, regardless of whether the trial court made its decision on those grounds.

*Wren v. Reddick Community Fire Protection District*, 337 Ill. App. 3d 262, 266 (2003) (it is the

5

correctness of the court's decision, not its rationale, that is at issue on appeal); *People ex rel. Department of Transportation v. Walliser*, 258 Ill. App. 3d 782, 788 (1994). The defendants respond that their motion to dismiss the complaint for declaratory judgment did not constitute a waiver of the right to compel arbitration. For the following reasons, we find that by filing and litigating the motion to dismiss, the defendants waived the right to compel arbitration.

¶ 12 The standard of review of an order granting or denying a motion to compel arbitration is generally whether the trial court abused its discretion. *Brooks v. Cigna Property & Casualty Cos.*, 299 Ill. App. 3d 68, 71 (1998). However, where no evidentiary hearing is held on the motion, we will review the decision to deny or compel arbitration *de novo*. *La Hood v. Central Illinois Construction, Inc.* 335 Ill. App. 3d 363, 364 (2002); *Federal Signal Corp. v. SLC Technologies, Inc.*, 318 Ill. App. 3d 1101, 1105-06 (2001). Since no evidentiary hearing was held on the motion to compel arbitration, we review the court's ruling *de novo*. Moreover, the question of whether the right to arbitration has been waived by the filing of a dispositive motion, as maintained herein by Watkins, is a legal one subject to review *de novo*. *La Hood,* 335 Ill. App. 3d at 365; *Household Finance Corp. III v. Buber*, 351 Ill. App. 3d 550, 553 (2004).

¶ 13 Arbitration is a favored method of settling disputes in Illinois and a finding of waiver of arbitration rights is disfavored. *Cencula v. Keller*, 152 Ill. App. 3d 754, 756 (1987). However, a waiver may occur when a party acts in a manner that is inconsistent with the arbitration clause, thus indicating an abandonment of the right to arbitrate rather than litigate issues related to the agreement. *Kostakos v. KSN Joint Venture No. 1*, 142 Ill. App. 3d 533, 536 (1986). Specifically, a party's conduct amounts to a waiver when that party submits arbitral issues to a court for decision. *Cencula*, 152 Ill. App. 3d at 757; *Kostakos*, 142 Ill. App. 3d at 536. Under the facts of this case, we must decide whether the defendants' conduct in filing the motion to dismiss

6

Watkins' complaint for declaratory judgment, calling upon the trial court to determine whether the provisions of the trust/partnership agreement required unanimous shareholder approval, amounted to conduct inconsistent with the right to arbitrate such that it constituted a waiver of that right. We hold that it did.

¶ 14     In determining whether a party has waived its contractual right to arbitrate, the crucial inquiry is whether the party has acted inconsistently with its right to arbitrate. *State Farm Mutual Automobile Insurance Co. v. George Hyman Construction Co.*, 306 Ill. App. 3d 874, 883 (1999). Specifically, a party's conduct amounts to waiver when it submits issues that are arbitral under the contract to a court for decision. *Id.* at 885. Our research has revealed various factual and procedural settings where Illinois courts have held that a party abandoned the right to arbitrate by filing substantive pleadings prior to attempting to invoke an arbitration clause. *Applicolor, Inc. v. Surface Combustion Corp.*, 77 Ill. App. 2d 260, 267 (1966) (filing a motion for summary judgment constitutes waiver of subsequent right to invoke arbitration clause); *State Farm Mutual*, 306 Ill. App. 3d at 885 (summary judgment motion by defendant in response to breach of contract claim waived right to arbitrate); *Gateway Drywall & Decorating, Inc. v. Village Construction Co.*, 76 Ill. App. 3d 812, 816 (1979) (filing an answer without asserting the right to arbitrate constitutes waiver); *Atkins v. Rustic Woods Partners*, 171 Ill. App. 3d 373, 378 (1988) (filing a motion to dismiss complaint for failure to state a cause of action without raising arbitration clause constitutes waiver). On the other hand, filing a motion contesting venue did not waive a subsequent motion to compel arbitration. *Brennan v. Kenwick*, 97 Ill. App. 3d 1040, 1043 (1981). Likewise, filing an answer including the affirmative defense of the arbitration agreement does not constitute waiver. *Kessler, Merci, & Lochner, Inc. v. Pioneer Bank & Trust Co.*, 101 Ill. App. 3d 502, 505 (1981).

7

¶ 15    Our review of the relevant authority leads to a conclusion that the operative distinction between judicial filings and actions that constitute a waiver of the right to compel arbitration and those that do not is whether, prior to seeking to compel arbitration, the party has placed substantive issues before the court. *State Farm Mutual*, 306 Ill. App. 3d at 885; *Applicolor*, 77 Ill. App. 2d at 268; *Atkins*, 171 Ill. App. 3d at 379; *Brennan*, 97 Ill. App. 3d at 1043. In other words, the existence of a waiver of the right to compel arbitration is determined by the types of issues submitted to the court for resolution and not the form of the documents in which those issues are raised. See *Kostakos*, 142 Ill. App. 3d at 536-37.

¶ 16    In the instant matter, the defendants' motion to dismiss Watkins's complaint for declaratory action directly attacked his standing *under the agreement* to bring his action. Specifically, the defendants argued that by the terms of the agreement, Watkins could not take any action without first receiving the unanimous authorization of the shareholders. By raising these claims in their motion to dismiss, the defendants submitted the issue of the contract provisions regarding the authority of the trustee to act with or without unanimous shareholder approval to the court for resolution.

¶ 17    Looking to the trial court's January 28, 2014, order denying the defendants' motion to dismiss, we find an unequivocal indication by the court that the defendants submitted to the court "that under the terms of the Trust/Partnership Agreement the Trustee cannot bring any legal action without first obtaining unanimous written consent of all the partners." That was the very substantive issue that would have been submitted to arbitration. Moreover, trial court's order indicates that the defendants specifically argued in detail how each relevant provision of the agreement established, in their analysis, that Watkins could take no action without the prior unanimous consent of the shareholders. More importantly, the trial court's order provides a

8

detailed analysis as to why the terms of the agreement did not require prior unanimous shareholder approval, holding that under *Progressive Land Developers, Inc. v. Exchange National Bank of Chicago*, 266 Ill. App. 3d 934 (1994), the trustee of an Illinois land trust is bound by its fiduciary duties to seek a declaratory judgment whenever there is a dispute with the beneficiaries regarding the trust.[3] It is obvious from the record that the substantive issue of whether the trustee was precluded, under the terms of the agreement, from taking action regarding the corpus of the trust without prior unanimous approval of the shareholders was submitted by the defendants to the court, and was, in fact, actually decided by the court. Only when the court's decision went against them did they file a motion to compel arbitration. In fact, while the trial court's rationale for denying the motion to compel arbitration is somewhat unclear, it is abundantly clear from the record that the defendants had waived the right to compel arbitration by filing and litigating their motion to dismiss which placed substantive issues of contractual interpretation before the court. *Atkins*, 171 Ill. App. 3d at 379 (motion to dismiss based upon interpretation of partnership agreement waived right to compel arbitration).

¶ 18     We hold, therefore, that the defendants' actions in the judicial forum was inconsistent with any right to compel arbitration and was a clear abandonment of that right. Accordingly, we affirm the order of the circuit court denying the defendants' motion to compel arbitration, and remand the cause for further proceedings consistent with this opinion.

¶ 19                                        CONCLUSION

¶ 20     The judgment of the circuit court of Marshall County is affirmed and the cause is remanded for further proceedings.

---

[3] We express no opinion on the court's substantive ruling as it is not on appeal before this court.

¶ 21	Affirmed and remanded.