NOTICE
Decision filed 02/18/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 231136

NO. 5-23-1136

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| JOHN SMITH and MISTIE TENNANT, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellants, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 22-LA-840 |
| | ) | |
| CHRIS JONES and C.A. JONES, INC., | ) | Honorable |
| | ) | Kevin T. Hoerner, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court, with opinion.
Justices Cates and Moore concurred in the judgment and opinion.

**OPINION**

¶ 1     Plaintiffs, John Smith and Mistie Tennant, appeal the St. Clair County circuit court's dismissal of their amended complaint against defendants, Chris Jones and C.A. Jones, Inc. On November 1, 2023, the court granted defendants' motions to dismiss and ordered plaintiffs to mandatory binding arbitration. Plaintiffs appeal, arguing that (1) the court erred by dismissing plaintiff John Smith from the case, on the purported basis that he was not a party to the contract, (2) the court erred by finding plaintiffs did not plead sufficient facts in counts I and III to state a cause of action, (3) the court erred by applying summary judgment standards to a section 2-619 (735 ILCS 5/2-619 (West 2022)) motion to dismiss, and (4) the court erred by ordering the parties to mandatory binding arbitration. For the reasons that follow, we affirm in part and reverse in part.

¶ 2                                    I. BACKGROUND

¶ 3     We limit our recitation of the facts to those relevant to our disposition on appeal. We will recite additional facts in the analysis section as needed to address the specific arguments of the parties.

¶ 4     On August 4, 2020, Mistie Tennant entered into a new home sale contract (sale contract) with C.A. Jones, Inc. for the construction and sale of a new home. John Smith was not a signatory to the original sale contract. In October 2020, the parties executed an addendum to the sale contract that included a change order to add John Smith as a buyer. The sale contract included an "Express and Implied Warranties" section, as well as a "Builder's Limited Warranty" administered by Professional Warranty Service Corporation (PWSC). The parties closed on the sale of the home in December of 2020.

¶ 5     On October 4, 2022, plaintiffs filed their original complaint against C.A. Jones, Inc. and Chris Jones. After hearing separate motions to dismiss filed by defendants, the circuit court dismissed the complaint with leave to amend. Plaintiffs filed an amended complaint on May 4, 2023. The amended complaint consisted of four counts: count I alleged C.A. Jones, Inc. breached an implied warranty of good workmanship; count II alleged Chris Jones breached an implied warranty of good workmanship; count III alleged C.A. Jones, Inc. breached its implied warranty of habitability; and count IV alleged Chris Jones breached its implied warranty of habitability. The allegations in counts I and III against C.A. Jones, Inc. and in counts II and IV against Chris Jones are substantially the same.

¶ 6     Defendants filed separate motions to dismiss plaintiffs' amended complaint. In their separate motions, both defendants moved to dismiss the plaintiffs' amended complaint under sections 2-615(a) and 2-619(a) of the Code of Civil Procedure (Code) (*id.* §§ 2-615(a), 2-619(a)).

Defendant C.A. Jones, Inc. supported its section 2-619 motion with the affidavit of its president, Mike Needles, and included the addenda, change orders, and warranty documents. Defendant Chris Jones supported his section 2-619 motion with his own affidavit and incorporated C.A. Jones, Inc.'s motion to dismiss by reference.

¶ 7    The circuit court held a hearing on defendants' motions to dismiss on October 11, 2023. According to the court's November 1, 2023, written order, the issues raised at the hearing included (1) whether work "directed and supervised by Chris Jones" is a factual conclusion or a sufficiently specific factual allegation to avoid dismissal, (2) whether sufficient specific facts of defects were alleged to avoid dismissal under the section 2-615 standard, and (3) whether plaintiffs' failure to plead the notice of and failure of plaintiffs to pursue the warranty remedies is fatal to plaintiffs' amended complaint.

¶ 8    Following the argument, the circuit court took the matter under advisement and ordered the parties to submit proposed orders. The court issued a written order granting defendants' motions to dismiss on November 1, 2023. Relevant to this appeal, in its written order, the court found that plaintiffs failed to set forth any specific facts showing any connection between plaintiffs and Chris Jones with respect to the sale contract. The court also found that plaintiff did not allege any facts to describe how the alleged defects affect or detract from her use and enjoyment of the home. The court's order also ordered plaintiffs to mandatory arbitration as required by the warranty program under the sale contract. Plaintiffs filed a timely notice of appeal on November 15, 2023.

¶ 9                                II. ANALYSIS

¶ 10    As an initial matter, we note that plaintiffs' brief does not clearly set forth the issues on appeal and sporadically cites to relevant case law to support their contentions. "A reviewing court is entitled to have the issues on appeal clearly defined with pertinent authority cited and a cohesive

3

legal argument presented." *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986). This court is "not a repository into which an appellant may foist the burden of argument and research." (Internal quotation marks omitted.) *Velocity Investments, LLC v. Alston*, 397 Ill. App. 3d 296, 297 (2010).

¶ 11    The record on appeal does not contain either a bystander's report or a transcript of proceedings from the hearing from which plaintiffs appeal. Because the plaintiffs are the appellants, it was their responsibility to provide us with a record sufficiently complete to support their claim. As such, we must resolve any gaps in the record against the plaintiffs, and we must presume that the circuit court's decision was correct. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 12    Turning to the merits, on appeal, plaintiffs contend that (1) the circuit court erred by dismissing plaintiff John Smith from the case, on the purported basis that he was not a party to the contract, (2) the court erred by finding plaintiffs did not plead sufficient facts in counts I and III to state a cause of action, (3) the court erred by finding defendant Chris Jones did not personally supervise or direct the construction of the house, and (4) the court erred by ordering the parties to mandatory binding arbitration. We consider each claim of error in turn.

¶ 13    A motion to dismiss under section 2-615(a) of the Code (735 ILCS 5/2-615(a) (West 2022)) challenges the legal sufficiency of the plaintiff's claim, while a motion to dismiss under section 2-619(a) (*id.* § 2-619(a)) admits the legal sufficiency of the claim but raises certain defects or defenses outside of the pleading that defeat the claim. See *Provenzale v. Forister*, 318 Ill. App. 3d 869, 878 (2001). Our standard of review, under either section, is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

4

¶ 14    Plaintiffs first argue that the circuit court erred by dismissing plaintiff John Smith from the case, on the purported basis that he was not a party to the contract. In its November 1, 2023, order granting defendants' motions to dismiss, the circuit court found, *inter alia*, "that the Amended Complaint should be dismissed as to Plaintiff John Smith because the allegations of Plaintiffs' Amended Complaint are contradicted on their face by the Sale Contract attached to the Amended Complaint as an exhibit." The court reasoned that plaintiff John Smith was not a signatory to the contract and therefore not in privity nor an intended third-party beneficiary. As such, the court dismissed counts II and IV with respect to John Smith pursuant to section 2-615.

¶ 15    Alternatively, the circuit court dismissed plaintiffs' claims under section 2-619. In their motion to dismiss pursuant to section 2-619, defendants attached an affidavit of its president, Mike Needles, along with additional documents. Those additional documents included the December 16, 2020, final walk through, which was signed by both plaintiffs; change orders to the home purchase contract; and a copy of the PWSC warranty program. The change order, dated October 14, 2020, added John Smith to the sales contract. In dismissing under section 2-619, the court found the warranty program contained a mandatory arbitration provision. As such, the court held "Plaintiff John Smith, by agreeing to be added to the Contract, signed on to agree to those provisions."

¶ 16    On appeal, plaintiffs argue the circuit court's order is inconsistent. We agree. The court erred by dismissing plaintiff John Smith under section 2-615 and finding he was not a party to the contract, but later, in the same order, finding John Smith was added to the contract and subject to the mandatory arbitration provision. As such, we reverse the circuit court's order with respect to the dismissal of plaintiff John Smith.

¶ 17    Next, plaintiffs contend that the court erred by dismissing counts I and III for failing to plead sufficient facts. A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint based on defects apparent on its face. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). In ruling on a section 2-615 motion to dismiss, the court accepts as true all well-pleaded facts and all reasonable inferences to be drawn therefrom as well as any exhibits attached to the complaint. *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 364 (2004). The allegations in the complaint must also be construed in the light most favorable to the plaintiff. *Marshall*, 222 Ill. 2d at 429. "We have repeatedly stated, however, that Illinois is a fact-pleading jurisdiction." *Id.* (citing *Weiss v. Waterhouse Securities, Inc.*, 208 Ill. 2d 439, 451 (2004)).

> "While the plaintiff is not required to set forth evidence in the complaint (*Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 348 (2003)), the plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action (*Vernon v. Schuster*, 179 Ill. 2d 338, 344 (1997)), not simply conclusions [citation]." *Id.* at 429-30.

¶ 18    In considering a motion to dismiss, "a court must disregard the conclusions that are pleaded and look only to well-pleaded facts to determine whether they are sufficient to state a cause of action against the defendant." *Beretta U.S.A. Corp.*, 213 Ill. 2d at 368. "If not, the motion must be granted, 'regardless of how many conclusions the count may contain and regardless of whether or not they inform the defendant in a general way of the nature of the claim against him.' " *Id.* at 368-69 (quoting *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 426 (1981)).

¶ 19    As noted above, a motion to dismiss under section 2-615(a) challenges the legal sufficiency of the plaintiff's claim, while a motion to dismiss under section 2-619(a) admits the legal sufficiency of the claim but raises certain defects or defenses outside of the pleading that defeat the claim. *Provenzale*, 318 Ill. App. 3d at 878. In ruling on a section 2-615 motion to dismiss, the

6

court accepts as true all well-pleaded facts and all reasonable inferences to be drawn therefrom as well as any exhibits attached to the complaint. *Beretta U.S.A. Corp.*, 213 Ill. 2d at 364. The plaintiff must allege facts sufficient to bring a claim within a legally recognized cause of action, not simply conclusions. *Marshall*, 222 Ill. 2d at 429-30.

¶ 20    Under the section 2-615 dismissal standard, the circuit court considered the factual allegations made by plaintiffs in the amended complaint and the attached contract. No other documents or facts were considered. The court considered the allegations in the complaint in turn. The court found the sale contract was signed only by plaintiff Tennant and a representative of C.A. Jones. Further, the court found that plaintiff Smith was not a signatory nor a stated intended third-party beneficiary of the contract and, therefore, had no agreement or privity with C.A. Jones. As a result, the court dismissed counts I and III as to plaintiff Smith.

¶ 21    With respect to plaintiff Tennant, the circuit court found that the complaint failed to plead sufficient specific facts to state a cause of action for breach of the implied warranty of good workmanship. The court also found plaintiff Tennant failed to plead sufficient specific facts to state a cause of action for breach of the implied warranty of habitability. As such, the court dismissed counts I and III with respect to plaintiff Tennant.

¶ 22    Specifically, the circuit court found, in dismissing counts I and III, that plaintiffs failed to allege the complained of defects did not meet the 1999 Illinois Quality Assurance Builder Standards that are expressly a part of the sale contract nor how the defects failed to meet such quality building standards. The court also found that plaintiff Tennant did not allege that she notified defendant C.A. Jones, pursuant to the warranty provisions of the sale contract, and further, she failed to allege that the warranty remedies provided under the warranty failed. The court also found that plaintiffs failed to plead specific factual allegations describing how defects about doors,

7

doorknobs, or flooring were material defects and how those alleged defects detracted from the overall workmanship of the home. Additionally, the court found plaintiffs did not plead any specific facts to show how such claimed defects made the house uninhabitable.

¶ 23    Count I of the complaint alleges a breach of the warranty of good workmanship. Under the implied warranty of good workmanship, "one who contracts to perform construction work impliedly warrants to do the work in a reasonably workmanlike manner." *Harmon v. Dawson*, 175 Ill. App. 3d 846, 849 (1988). "[T]he failure to so perform constitutes a breach of contract." *Id.* Count III of the complaint alleges breach of the implied warranty of habitability. In Illinois, the "implied warranty of habitability" originated in landlord-tenant law and has since been applied to the sale of newly constructed homes. See *Petersen v. Hubschman Construction Co.*, 76 Ill. 2d 31 (1979). In *Petersen*, the supreme court held that an implied warranty of habitability protects the first purchaser of a new house against latent defects that would render the house not reasonably fit for its intended use. *Id.* at 39-40.

¶ 24    We agree with plaintiffs that the complaint alleged sufficient facts to state a cause of action. When construed in the light most favorable to the plaintiffs, the allegations in the complaint bring plaintiffs' claims within the scope of the causes of action asserted. *Jarvis v. South Oak Dodge, Inc.*, 201 Ill. 2d 81, 86 (2002) (in reviewing the sufficiency of a complaint, we accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts). Here, the complaint sufficiently alleged that plaintiffs notified certain persons of the alleged defects, that the defects were not remedied, how the work failed to meet the 1999 Illinois Quality Assurance Builder Standard, how the defects are material and otherwise affect habitability, and that all the defects remained as of the date of filing. Specifically, counts I and III of the complaint alleged that defendant C.A. Jones, Inc. failed to properly install doors, locks, doorknobs, flooring, and

8

subflooring. As such, we reverse the dismissal of counts I and III of plaintiffs' complaint with respect to both plaintiffs.

¶ 25    We next consider the dismissal of counts II and IV. In its November 1, 2023, order granting defendants' motions to dismiss, the circuit court found that plaintiffs failed to set forth any facts showing any connection between themselves and defendant Chris Jones, with respect to the agreement to build and sell a home. The court further found that plaintiffs did not allege any separate agreement with defendant Chris Jones as an individual. The court reasoned that the complaint alleges only that "Chris Jones is an Illinois citizen and resident" and that he supervised and directed the construction of the home. The court found plaintiffs pleaded "no supporting factual allegations on this issue" except for the "merely conclusory allegation."

¶ 26    Additionally, the court found that plaintiffs' complaint did not provide any facts or documents that disputed defendant Chris Jones' retirement and termination of the active operation of C.A. Jones, Inc. prior to the execution of the contract. Attached to his motion to dismiss pursuant to section 2-619(a), defendant Chris Jones provided an affidavit which specifically stated he retired and relinquished any operational control of the day-to-day activity in C.A. Jones, Inc. The affidavit stated he retired and relinquished control of C.A. Jones, Inc. in March of 2020. Plaintiffs' pleadings and affidavits did not provide any facts that dispute or otherwise contradict that defendant Chris Jones retired in March of 2020, before the execution of the sale contract.

¶ 27    We agree and affirm the dismissal of counts II and IV. In its order, the circuit court stated "[the issue] was addressed extensively at hearing." As noted above, the record does not contain a transcript or a bystander's report from the hearing on defendants' motions to dismiss. We must resolve any gaps in the record against the plaintiffs, and we must presume that the trial court's decision was correct. *Foutch*, 99 Ill. 2d at 391-92. It is the appellants' duty to provide a sufficiently

9

complete record of the lower court proceedings to support their claims on appeal. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 318-19 (2003).

¶ 28 Lastly, we consider whether the circuit court erred by ordering arbitration under the sale contract and warranty program. A circuit court's order granting or denying a motion to compel arbitration that was made without an evidentiary hearing and raises only a legal issue is reviewed *de novo*. *Guarantee Trust Life Insurance Co. v. Platinum Supplemental Insurance, Inc.*, 2016 IL App (1st) 161612, ¶ 25. Here, while the circuit court conducted a hearing on the defendant's motion to dismiss, the record does not reflect that the court held an evidentiary hearing. The parties do not dispute this standard of review. Therefore, our review is *de novo*. Moreover, whether the right to arbitration has been waived by the filing of a dispositive motion is a legal question subject to *de novo* review. *Watkins v. Mellen*, 2016 IL App (3d) 140570, ¶ 12.

¶ 29 "A motion to compel arbitration raises the sole and narrow issues of whether the parties agreed to arbitrate the dispute." *Clark v. Foresight Energy, LLC*, 2023 IL App (5th) 230346, ¶ 22 (citing *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 24). The circuit court's inquiry, when presented with a motion to compel arbitration, is whether the parties have a valid arbitration clause. If so, the question becomes whether the issues in dispute fall within the scope of the arbitration clause. *Hartz v. Brehm Preparatory School, Inc.*, 2021 IL App (5th) 190327, ¶ 42.

¶ 30 Illinois considers arbitration to be a favored method of dispute resolution. *Salsitz v. Kreiss*, 198 Ill. 2d 1, 13 (2001). "However, arbitration is still a matter of contract and parties are 'bound to arbitrate only those issues they have agreed to arbitrate, as shown by the clear language of the agreement and their intentions expressed in that language.' " *Clark*, 2023 IL App (5th) 230346, ¶ 23 (quoting *Salsitz*, 198 Ill. 2d at 13). "Their 'agreement will not be extended by construction or

implication.' " *Id.* (quoting *Salsitz*, 198 Ill. 2d at 13). "A party's course of action amounts to waiver when it submits arbitrable issues to a court for decision on the substantive merits of the cause." *Feldheim v. Sims*, 326 Ill. App. 3d 302, 309 (2001).

¶ 31     Our research has revealed various instances where Illinois courts have held that a party abandoned its right to arbitration by filing substantive pleadings prior to invoking an arbitration clause. *Applicolor, Inc. v. Surface Combustion Corp.*, 77 Ill. App. 2d 260, 267 (1966) (filing a motion for summary judgment constitutes waiver of a subsequent right to invoke arbitration clause); *State Farm Mutual Automobile Insurance Co. v. George Hyman Construction Co.*, 306 Ill. App. 3d 874, 885 (1999) (summary judgment motion by defendant in response to breach of contract claim waived right to arbitrate); *Gateway Drywall & Decorating, Inc. v. Village Construction Co.*, 76 Ill. App. 3d 812, 816 (1979) (filing an answer without asserting the right to arbitrate constitutes waiver); *Atkins v. Rustic Woods Partners*, 171 Ill. App. 3d 373, 378 (1988) (filing a motion to dismiss complaint for failure to state a cause of action without raising arbitration clause constitute waiver). Alternatively, filing a motion contesting venue did not waive a subsequent motion to compel arbitration. *Brennan v. Kenwick*, 97 Ill. App. 3d 1040, 1043 (1981). Additionally, filing an answer including the affirmative defense of the arbitration agreement does not constitute waiver. *Kessler, Merci, & Lochner, Inc. v. Pioneer Bank & Trust Co.*, 101 Ill. App. 3d 502, 505 (1981).

¶ 32     Plaintiffs argue, *inter alia*, that defendants waived the right to arbitration by seeking adjudication on the merits. Here, both defendants filed combined motions to dismiss under sections 2-615(a) and 2-619(a) of the Code. As noted above, in its motion to dismiss under section 2-615, defendant C.A. Jones, Inc. argued that plaintiffs did not allege any facts showing that the items complained about were not within the standards and tolerances described in the 1999 Edition of

11

the Illinois Quality Assurance Builder Standards. C.A. Jones, Inc. also argued that plaintiffs did not plead any facts showing that they attempted to utilize the warranty provided by the contract and that such attempts by C.A. Jones, Inc. to provide warranty corrections were unsuccessful. Under section 2-619, C.A. Jones, Inc. argued that plaintiffs failed to submit their dispute to binding arbitration, as required by the contract. Defendant Chris Jones, under section 2-615, argued that plaintiffs failed to plead specific facts demonstrating how Chris Jones was personally involved in the construction process. Under section 2-619, Chris Jones adopted C.A. Jones, Inc.'s binding arbitration defense.

¶ 33    In support of their argument that arbitration was waived, plaintiffs assert "Defendant knew it had its right to argue arbitration, and instead of relying on only same, asked the trial court to rule on the merits of the underlying case. To that end, Defendant has waived its right to request arbitration." We agree. By filing motions to dismiss under sections 2-615 and 2-619 and asking the court to dismiss the claims with prejudice, defendants have placed substantive issues before the court. As such, the right to compel arbitration was waived. *Atkins*, 171 Ill. App. 3d at 379 (motion to dismiss based upon interpretation of partnership agreement waived right to compel arbitration).

¶ 34                                III. CONCLUSION

¶ 35    For the foregoing reasons, we reverse the November 1, 2023, order of the circuit court of St. Clair County with respect to counts I and III. We affirm the order with respects to counts II and IV. We reverse the court's order with respect to arbitration and remand for further proceedings consistent with this opinion.

¶ 36    Affirmed in part and reversed in part.

¶ 37    Cause remanded.

*Smith v. Jones*, 2025 IL App (5th) 231136

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of St. Clair County, No. 22-LA-840; the Hon. Kevin T. Hoerner, Judge, presiding. |

| | |
|---|---|
| **Attorneys for Appellant:** | Thomas G. Maag, of Maag Law Firm, LLC, of Wood River, for appellants. |

| | |
|---|---|
| **Attorneys for Appellee:** | Sheldon D. Korlin, of Aegis Law, of O'Fallon, for appellees. |